## ATCHISON, T. & S. F. RY. CO. v. STATE.

No. 1387.    Opinion Filed May 10, 1910.

. (109 Pac 218.)

1.    CARRIERS—Delivery of Freight—Switching Charges—Penalties.
A car of wheat billed at Bliss, Okla., to an elevator company at Oklahoma City over the Atchison, Topeka & Santa Fe Railway line, at said point was set by its employees on the connecting track between such line and the line of the Missouri, Kansas & Texas Railway Company, and by the latter company delivered over its switching tracks to the elevator company, the former company having no authority to use the switch engines or lines of the Missouri, Kansas & Texas Railway Company. **Held,** that the former company, in collecting from the shipper the sum of $2 for the charges made by the latter company for this switching, and paying same to it, did not subject itself to

a penalty under the terms of rule 6 of order 45, providing that where "a mill is located on a different line from the one handling the car, and only a switching service is performed a switching charge not exceeding $1.00 each way" shall be charged.

2. **CARRIERS—Regulation of Corporation Commission—Hearing— Procedure.** On a hearing to enforce compliance with any of the orders or requirements of the corporation commission against a transportation company, such company must be permitted to introduce evidence, when offering same, to controvert the justness or reasonableness of the order or requirement complained of.

(Syllabus by the Court.)

*Appeal from the Corporation Commission.*

Action by the State against the Atchison, Topeka & Santa Fe Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The Capital Grain & Elevator Company of Oklahoma City filed an information before the Corporation Commission, alleging that the appellant violated Order No. 45 by collecting $2 switching charges in Oklahoma City for the switching of a car load of wheat to and from its elevator. Appellant answered in substance that the Capital Grain & Elevator Company's elevator was on the line of the Missouri, Kansas & Texas Railway Company in Oklahoma City, that the said Capital Grain Company did load a car of appellant's with wheat at Bliss, Okla., and billed same to said Grain & Elevator Company at Oklahoma City; that, if said shipment was intended to move only from Bliss to Oklahoma City, then it was intrastate, and the rule of the commission prescribing what charges should be collected would apply; that said car was afterwards shipped for the Capital Grain & Elevator Company to Temple, Tex., an interstate movement, over which the Corporation Commission has no jurisdiction, and is without authority to regulate the movement of charges therefor, etc.; that rule 6 of Order No. 45, prescribing the rate for switching, is unreasonable and unjust to such an extent as to affect the validity of such order; that the service complained of in Oklahoma was actually performed by the Missouri, Kansas &

Texas Railway Company, and that appellant collected the charges made by the Missouri, Kansas & Texas Railway and delivered the same to it; that the appellant has no authority to use the switch engines or lines of the Missouri, Kansas & Texas Railway at Oklahoma City; that the appellant set the car on the connecting track between its lines and the line of the Missouri, Kansas & Texas Railway, and made and received no charges for this service, and alleges that it acted as the agent of the Capital Grain & Elevator Company in paying the Missouri, Kansas & Texas Railway Company for such switching charges. After said car reached Oklahoma City, it was reloaded and shipped out on what is known as a milling in transit rate to Temple, Tex., upon the payment of the rate from Bliss, Okla., to that point; the amount formerly paid by appellant for transporting the car from Bliss, Okla., being deducted therefrom. The appellant received no part of the $2 collected for the switching charges.

Commissioner Watson, who presided at the hearing of this information, refused to permit the appellant to introduce evidence as to the reasonableness or unreasonableness of the order claimed to have been violated. Thereupon appellant refused to introduce further evidence and the case closed. The appellant was fined $100 for violating said Order No. 45 in collecting the excess switching charges. Commissioner McAlester concurred therein. Love, chairman, dissented.

*Cottingham & Bledsoe,* for appellant.
*George A. Henshaw,* Asst. Atty. Gen., for the State.

WILLIAMS, J. (after stating the facts as above). If the switching of the car from the appellant's tracks over the switches of the Missouri, Kansas & Texas Railway Company to the elevator is a part of the interstate shipment, the Corporation Commission had not jurisdiction of this matter. The converse would be true if it were an intrastate shipment beginning at Bliss, Okla., and ending at Oklahoma City. As to whether it was such, it is not essential here to determine. The appellant neither performed the service

nor made the charge therefor, and, had it not collected such charge from the shipper, it would doubtless have been required by the Missouri, Kansas & Texas Railway Company to pay same. Rule 6 of Order 45 is in words and figures as follows:

"Milling in transit shall be permitted at any point, and no switching or other charges shall be added to the rates named herein for such services where mill is located on track of road handling. Where mill is located on a different line from the one handling, and only a switching service is performed, a switching charge not to exceed one dollar per car each way shall be charged, and the switching service shall not be considered forming a two-line service. This privilege shall be granted regardless of whether shipment is moving to mill and to be returned, or where mill is located off direct route of shipment, but where a shipment is moving between points available via two or more routes and owner or shipper designates a mill situated at or near a station not on the direct line of haul, rate will be charged for the entire actual mileage, regardless of rate in effect between point of origin and destination."

The facts in this record appear to show that the Missouri, Kansas & Texas Railway Company, and not the appellant, if any one, has violated this rule. The conclusion reached by the chairman in his dissent, to the effect that the appellant did not violate such rule, seems to be correct.

The evidence offered for the purpose of showing that the original order which the appellant was charged with having violated was unreasonable and unjust should have been admitted. Section 19, art. 9, Const. Okla.

The order of the Corporation Commission as entered by the majority of its members is accordingly reversed and remanded, with instructions to quash the information and dismiss the charge against the appellant.

All the Justices concur.