## GULF, C. & S. F. RY. CO. v. STATE.

No. 3269.   Opinion Filed July 23, 1912.

(125 Pac. 1103.)

1. **RAILROADS—Regulation—Orders of Corporation Commission—Review.** On appeal from an order assessing a penalty under section 19, art. 9, Williams' Ann. Const., Okla., against a railway company for an alleged violation of an order of the Corporation Commission, the Supreme Court has jurisdiction to pass upon the power of the Commission to make the order violated, and whether it is reasonable and just, notwithstanding such an order is not appealable when made.

2. **SAME—Interference With Interstate Commerce—Statutory Provisions.** Order No. 148 of the Corporation Commission is not violative of the commerce clause of the federal Constitution, and was not superseded by the act of Congress of May 6, 1910, c. 208, 36 St. at L. 350 (U. S. Comp. St. Supp. 1911, p. 1329).

3. **SAME—Orders of Corporation Commission.** As construed by the Corporation Commission, it cannot be said that Order No. 148 is unreasonable or unjust.

(Syllabus by the Court.)

*Appeal from the State Corporation Commission.*

Appeal by the Gulf, Colorado & Santa Fe Railway Company from an order of the Corporation Commission. Modified and affirmed on rehearing.

*Cottingham & Bledsoe,* for appellant.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

KANE, J. This is an appeal from an order of the Corporation Commission imposing a fine of $500 on the appellant for failing "to make report to Corporation Commission in time specified on derailment of passenger train," in violation of Order No. 148 of the Commission, which requires all railway companies operating within the state, upon the happening of an accident, to at once telegraph to the Commission the following information in the following class of accidents: All accidents resulting in loss of life or limb or serious injury to passengers or employees. The telegraph report shall show the date, time, and place of accident, the train or trains involved, the number of passengers killed or injured, if any.

The accident, which was not reported within the time prescribed in the order, was the derailment of a passenger train at a bridge on the Washita river on appellant's line of railway, which occurred on the 14th of December, 1910. The passenger train left the track and plunged into the river, killing one and injuring about forty passengers. It appears that the appellant is an interstate railway and that the train was an interstate train, engaged in interstate as well as intrastate traffic.

Appeals from Order No. 148 were taken to this court by several railway companies, which were dismissed upon the ground that the court is without jurisdiction to review such order. *St. L. & S. F. R. Co. v. State et al.,* 24 Okla. 805, 105 Pac. 351; *A., T. & S. F. Ry. Co. v. State,* 24 Okla. 807, 105 Pac. 352. It is now contended by the Attorney General that, "this court having twice declined to review the Commission's general Order No. 148, on appeals attempted for that express purpose, holding that it had

no jurisdiction to do so (24 Okla. 805, 807, 105 Pac. 351 and 352), we assume that the same will not be inquired into in the present proceeding, except for the purpose of determining the Commission's power to make the same; it being jurisdictional as to Order No. 466, herein appealed from, predicated thereon."

As the Corporation Commission is only empowered by the Constitution to enforce compliance with its lawful orders by adjudging fines or penalties against the delinquent or offending parties or companies, after a hearing wherein an opportunity is afforded to introduce evidence and be heard, "as well against the validity, justness, or reasonableness of the order or requirement alleged to have been violated, as against the liability of the company for the alleged violation" (Constitution, sec. 19, art. 9, Williams' Ann. Const., Okla.), this court must have jurisdiction to pass upon the power of the Commission to make the order violated, and whether it is reasonable and just when cases of this class come before it on appeal. *A., T. & S. F. Ry. Co. v. State,* 26 Okla. 166, 109 Pac. 218.

The grounds upon which the appellant seeks a reversal may be briefly stated as follows: (1) Order No. 148, in so far as it relates to common carriers engaged in interstate commerce, covers the same subject-matter embraced within certain sections of the act of Congress of May 6, 1910, c. 208, 36 St. at L. 350 (U. S. Comp. St. Supp. 1911, p. 1329), entitled "An act requiring common carriers engaged in interstate and foreign commerce to make full reports of all accidents to the Interstate Commerce Commission, and authorizing investigations thereof by said Commission," and is therefore superseded by the federal act. (2) Order No. 148 is unreasonable and unjust, because "the urgency of the higher duty of looking after and caring for the injured and the dead, and clearing the track, so as to permit the resumption of transportation" renders it practically impossible for a report to be made upon the spur of the moment covering with any degree of accuracy the matters inquired about. (3) The Commission erred in adjudging the defendant guilty of a violation of Order No. 148, because it appears conclusively from the evidence that it had no intention to violate same, but there was an honest

endeavor on behalf of the railway company to comply with the same. And it further appears that as quick as the attention of the officers was called to the fact that officers are required to report by wire the report was promptly made.

• In a former opinion, the first contention of the appellant was sustained, upon the supposition that the act of Congress of March 3, 1901, c. 886, 31 St. at L. 1446 (U. S. Comp. St. 1901, p. 3176), was still in force. Counsel for appellant cited that act as controlling, and our attention was not called to its repeal and the enactment of the act of May 6, *supra,* until the petition for rehearing was filed; whereupon counsel for appellant voluntarily corrected the error, but still insist that under either act their first contention is well taken. We cannot agree with counsel. The latter act, while entitled practically the same as the former, differs from it in several important particulars. Both acts require common carriers engaged in interstate commerce by railroad to make to the Interstate Commerce Commission a monthly report of all collisions and derailments of trains, and of all accidents which may occur to its passengers or employees, and empower the Commission to investigate such collisions, derailments, or accidents; but section 3 of the latter acts also provides "that when such accident is investigated by a commission of the state in which it occurred the Interstate Commerce Commission shall, if convenient, make any investigation it may have previously determined upon, at the same time as, and in connection with, the state commission investigation."

Counsel for appellant argue that, while in the section that deals with investigations the concurrent right of the state to make such investigations is recognized, no such recognition is found in the part relating to the reporting of accidents; therefore the rule, that if the state and Congress have concurrent power that of the state is superseded when the power of Congress is exercised, applies, because Order No. 148 provides for reporting, and not investigating, accidents. We think the power to investigate accidents includes the power to require reports concerning them. Before there can be an investigation, there must be information from some source that an accident has occurred. The

most natural way to secure this information is to require the officers of the carrier, who have it at first hand, to supply it. In many cases, no doubt, no investigation would follow; the nature of the report disclosing that it was not necessary. It is the duty of the state to establish such reasonable regulations as are necessary for the safety of all engaged in business or domiciled within its borders. Passengers and employees on interstate trains, while within the state, belong to that class. *C., R. I. & P. Ry. Co. v. Arkansas,* 219 U. S. 453, 31 Sup. Ct. 275, 55 L. Ed. 290.

*Interstate Commerce Commission v. Goodrich Transit Co.,* 224 U. S. 194, 32 Sup. Ct. 436, 57 L. Ed. ——, involved the power of the Interstate Commerce Commission to prescribe a uniform system of bookkeeping and require annual reports from common carriers upon the Great Lakes, both as to their interstate and intrastate business. The Commerce Court limited the enforcement of the order of the Commission to interstate traffic. The Supreme Court held that the right to prescribe a system of bookkeeping and require reports by the Commission extended to the intrastate business of the carrier, upon the ground that the prescribing of bookkeeping and the exacting of reports as to intrastate matters "was not to enable it [the Interstate Commerce Commission] to regulate the affairs of the corporations not within its jurisdiction, but to be informed concerning the business methods of the corporations subject to the act, that it may properly regulate such matters as are really within its jurisdiction." The order herein involved is in the nature of a local regulation for caring for the safety of the employees and passengers of all common carriers while within the state, and is not in any proper sense an attempt to regulate interstate commerce.

On the whole, we are of the opinion that Order No. 148 of the Corporation Commission is not violative of the commerce clause of the federal Constitution, and was not superseded by the act of Congress of May 6, 1910, c. 208, 36 St. at L. 350 (U. S. Comp. St. Supp. 1911, p. 1329).

As construed by the Corporation Commission, it cannot be said that Order No. 148 is unreasonable or unjust. Mr. E. C. Patton, connected with the legal department of the Commission,

who, no doubt, speaks with authority, has filed a brief herein, wherein he states that when Order No. 148 was made the Commission had before it the rules and regulations of the carriers by rail of the state, requiring trainmen, immediately on the happening of an accident, to report the same by wire to some of the general officers of the company, usually the superintendent or general superintendent. That "the order of the Commission is made in view and with an understanding of the rules and regulations in force by the railroad companies, and no conductor or other employee is required by this order to leave his duties in caring for the train, but this report is made upon receipt of the same by the general officers of the company, who alone can, in the line of their employment, make reports that would bind the company. The Commission has never penalized any road for failure to comply with this order, when the same was made within twelve hours after the happening of the accident. In what time the railroads shall make this report depends upon the circumstances in each case. It is absolutely necessary, in order to continue the operation of the road, for a telegraphic report to be made by trainmen to the superior officers at the earliest possible moment. It is necessary that same be made so that wrecking crews may be sent out, if necessary. Hence the order of the Commission was promulgated so as to be complied with in connection with the already established rules and duties of the carriers. The only additional duty the carriers must perform in complying with this order is for the general superintendent or division superintendent, as the case may be, when he receives the telegraphic report, to repeat the same, or such parts thereof as may be necessary, to the Commission. This has been done repeatedly. Mr. Beacon, general superintendent of the Rock Island at El Reno, reports accidents for the Rock Island; the division or general superintendent of the Frisco does likewise; the division superintendent or general manager of the Santa Fe does likewise; the reports for the Gulf, Colorado & Santa Fe Railway are made from Galveston, or such point as Mr. Pettibone, general manager, may be. Some roads at times permit the dispatcher to repeat the message to the Commission which he receives from

384     SUPREME COURT OF OKLAHOMA.

the scene of the accident. Hence the report is made to the Commission with less inconvenience or expense than most any other report required."

It is obvious that, thus construed, Order No. 148 does not interfere with what counsel term "the higher duty of looking after and caring for the injured and the dead, and clearing the track, so as to permit the resumption of transportation."

In the briefs and argument of counsel for the respective sides, the remaining question, Is the evidence sufficient to support the order appealed from? is practically abandoned; it being stated in open court by the Attorney General, and concurred in by counsel for appellant, that if the jurisdictional question were decided in favor of the appellee the fine may be assessed at one dollar. We think the state of the record justifies this agreement, and we therefore affirm the order appealed from in all particulars, except that the penalty assessed shall be one dollar, in conformity with stipulation of counsel, instead of the sum assessed by the Corporation Commission.

TURNER, C. J., and HAYES and WILLIAMS, JJ., concur; DUNN, J., absent, and not participating.