RICHARD POWERS, petitioner, v. HON. W. A. McCULLOUGH, Judge of Clinton Municipal Court, respondent.

RICHARD POWERS et al., petitioners, v. HON. W. A. McCULLOUGH, Judge of Clinton Municipal Court, respondent.

Nos. 51796.
51797.

(Reported in 140 N.W.2d 378)

FEBRUARY 8, 1966.

Frank W. Davis and Frank W. Davis, Jr., of Des Moines, for plaintiffs-petitioners.

Lawrence Scalise, Attorney General, and Dan L. Johnston, Assistant Attorney General, for defendant-respondent.

RAWLINGS, J.—This case comes before us on certiorari which was permitted to review orders entered by the trial court overruling motions to dismiss and demurrers filed in criminal proceedings. The propriety of this review is not challenged. See Chicago & N.W. Ry. Co. v. Fachman, 255 Iowa 989, 125 N.W.2d 210.

Four informations were filed in the Municipal Court of Clinton, charging plaintiff Richard Powers with failure to report accidents, in violation of section 88.12, Code, 1962.

Two informations were filed in the same court, charging plaintiffs Richard Powers and G. W. Danielson with hindering and deterring an inspector in performance of his duties, in violation of section 91.16(1), Code of 1962.

Presumably both plaintiffs are employed by a railroad or railroads engaged in interstate commerce.

Identical motions to set aside the informations, filed by plaintiffs in all cases, were overruled.

At the same time identical demurrers, filed by plaintiffs in all cases, were overruled.

For the purpose of this review only, the various cases are consolidated.

 We have held a trial de novo is not permitted on certiorari and only questions of law are presented. City of Iowa City v. White, 253 Iowa 41, 48, 111 N.W.2d 266. Stated otherwise, we entertain these proceedings on assigned errors.

By the demurrers filed, plaintiffs contended the informations were fatally defective in that: (1) they did not substantially conform to the requirements of the Code of Iowa, and (2) they contained matter which, if true, would constitute a legal defense or bar to the prosecution.

However, plaintiffs now stand only upon that portion of their demurrers by which they claim the informations contain matter which serves to bar prosecution. Our review is confined accordingly.

In this respect, plaintiff Powers asserts section 88.12, Code, 1962, is in conflict with federal statutes involving the same subject matter; that the Congress of the United States has preempted the same field.

Both plaintiffs then contend section 91.16(1) is so vague and uncertain as to be unconstitutional; and each information filed charging plaintiffs violated this law asserts two separate and distinct offenses against them.

These assigned errors will be considered in the order presented.

I. We find no merit in the assertion by plaintiff Powers that he is not subject to the provisions of Code section 88.12 because Congress has preempted the same field.

At the outset, it is evident no determination of the problem at hand can be had without resort to those specific legislative enactments here involved.

Relevant provisions of the Code of Iowa, 1962, provide in substance as follows:

Section 88.11 Record of accidents. Manufacturers, manufacturing corporations, or corporations operating any mercantile establishment, mill, workshop or business house shall keep careful records of accidents resulting in death of an employee or which will prevent him from returning to work within two days.

Section 88.12 Report of accidents—evidence. Within forty-eight hours after such accident, a report thereof shall be made to the state commissioner of labor, any statement in such report is privileged.

Section 88.13 Penalties. Any person, corporation, firm, agent or superintendent violating sections 88.11 and 88.12 above shall be punished by a fine not exceeding one hundred dollars.

Those acts of the Congress which plaintiff Powers invokes are set forth in Title 45 U. S. C. A., and so far as here concerned provide substantially as follows:

Section 38. Monthly reports of railroad accidents; duty of carrier.

Every general manager, superintendent, or other officer of every common carrier engaged in interstate or foreign commerce by railroad shall submit a monthly report of all collisions, derailments or other accidents to the Interstate Commerce Commission, stating the nature, causes and circumstances thereof.

Section 39. Penalty for failure to make report.

Any failure to make such report to the Interstate Commerce Commission within thirty days after the end of any month shall be punishable by a fine of not more than one hundred dollars.

Section 40. Investigation by commission of accidents; co-operation with State commissions; reports of investigations.

The Interstate Commerce Commission shall have authority to investigate any such accidents, and do all things necessary as a part thereof: *"Provided,* That when such accident is investigated by a commission of the State in which it occurred, the Interstate Commerce Commission shall, if convenient, make any investigation it may have previously determined upon, at the same time as, and in connection with, the State commission investigation."

The question now presented is whether the cited laws of Iowa are in strict conflict with the cited acts of Congress.

■ Admittedly, any power the states may exercise which relates to interstate commerce, ceases to exist from the moment Congress asserts its paramount authority over the same subject by any legislative enactment which is in direct conflict with, or

repugnant to, a state statute. 15 Am. Jur.2d, Commerce, section 23, page 655, and 15 C. J. S., Commerce, section 6, page 260.

However, it still remains the various states, in the exercise of their police powers, may enact statutes to protect the public health, public morals, public safety, and public convenience, concurrent with laws passed by Congress in the exercise of its jurisdiction over the same subjects, provided such laws are local in their character, affect interstate commerce only incidentally or indirectly, and do not conflict with federal legislation or the Federal Constitution.

An exercise by a state of its police power, which would be valid if not superseded by federal action, is superseded only where the repugnance or conflict is so direct and positive the two acts cannot be reconciled or consistently stand together. Fleming v. Richardson, 237 Iowa 808, 830, 831, 24 N.W.2d 280; Southern Pacific Co. v. Arizona ex rel. Sullivan, 325 U. S. 761, 65 S. Ct. 1515, 89 L. Ed. 1915; Terminal R. Assn. v. Brotherhood of Railroad Trainmen, 318 U. S. 1, 63 S. Ct. 420, 87 L. Ed. 571; 15 Am. Jur.2d, Commerce, section 69, page 714; and 15 C. J. S., Commerce, section 11, page 266.

II. With these precepts in mind, we must determine whether there is *direct conflict or irreconcilable repugnance* between the state statutes and the acts of Congress here involved.

Plaintiff Powers refers to Fleming v. Richardson, supra, contending it supports his view. This is at best doubtful. In the cited case, the question for determination was the validity of an Iowa statute requiring a platform at each end of a caboose. A divided court there held the state law had not been superseded by the federal act. And, for the most part, that case so treats the subject as to materially aid respondent in the case now at hand.

This plaintiff also cites and relies upon Brown v. Chicago, R. I. & P. R. Co., 108 F. Supp. 164. We find no basis for argument with that case. In fact, it appears to be a classic example of direct and irreconcilable conflict between an applicable federal act and a state statute. There the Iowa law required headlights on locomotive engines of greater power than that prescribed by federal law. In effect, the court there held the engine on a train

could not feasibly be equipped with a headlight which at the same time complied with two standards of brilliancy. We agree.

However, the factual situation in the case now before us serves to clearly distinguish it from Brown v. Chicago, R. I. & P. R. Co., supra.

The term "direct conflict" means hostile encounter, contradictory, repugnant, so irreconcilably inconsistent, each with the other, as to make one actually inoperable in the face of the other. Head v. New Mexico Bd. of Examiners, 374 U. S. 424, 83 S. Ct. 1759, 10 L. Ed.2d 983; International Assn. of Machinists v. Gonzales, 356 U. S. 617, 78 S. Ct. 923, 2 L. Ed.2d 1018; International Union, etc. v. Russell, 356 U. S. 634, 78 S. Ct. 932, 2 L. Ed.2d 1030; Pacific Discount Co. v. Jackson, 37 N. J. 169, 179 A.2d 745, 747; and 15 Am. Jur.2d, Commerce, section 69, page 715.

There is no apparent reasonable basis upon which to conclude an interstate carrier is unable to comply with both the federal act and the state law here concerned.

We are satisfied section 88.12, Code, 1962, is not in such conflict with Title 45 U. S. C. A., section 38, that the former is rendered inoperable as to plaintiff Richard Powers.

This conclusion finds substantial support in the federal law, 45 U. S. C. A., section 40. That act specifically provides for cooperative effort by and between state commissions and the interstate commerce commission in any investigations pertaining to accidents where a common carrier engaged in interstate or foreign commerce by railroad is involved.

Most certainly sections 88.11 and 88.12 cast no undue burden upon interstate commerce. These wholesome statutes could at most affect interstate commerce only incidentally or indirectly, if at all. Huron Portland Cement Co. v. City of Detroit, 362 U. S. 440, 80 S. Ct. 813, 4 L. Ed.2d 852, 78 A. L. R.2d 1294, and 15 Am. Jur.2d, Commerce, section 69, page 715.

It is thus evident the Congress did not intend to preempt that field of the law, having for its purpose the study, control and possible reduction of collisions and accidents and their various causes. Huron Portland Cement Co. v. City of Detroit,

supra, and Gulf, C. & S. F. Ry. Co. v. State, 33 Okla. 378, 125 P. 1103.

III. As aforesaid, section 91.16(1), Code, 1962, is assailed by both plaintiffs upon the premise it is too vague, uncertain and indefinite, therefore unconstitutional.

The first section of the Code with which we are now concerned provides as follows:

"91.12 Reports to bureau. It shall be the duty of every owner, operator, or manager of every factory, mill, workshop, mine, store, business house, public or private work, or any other establishment where labor is employed, as herein provided, to make to the bureau, upon blanks furnished by the commissioner, such reports and returns as he may require for the purpose of compiling such labor statistics as are contemplated in this chapter; and the owner, operator, or business manager shall make such reports or returns within sixty days from the receipt of blanks furnished by the commissioner, and shall certify under oath to the correctness of the same."

Then the material portion of the Code section here specifically challenged provides:

"91.16 Violations—penalties. Persons violating any of the provisions of this chapter shall be punished as in this section provided, respectively:

"1. Any owner, superintendent, manager, or person in charge of any factory, mill, workshop, store, mine, hotel, restaurant, cafe, business house, public or private work, who shall refuse to allow the commissioner of labor or any inspector or employee of the bureau of labor to enter the same, or who shall hinder or deter him in collecting information which it is his duty to collect shall be fined not exceeding one hundred dollars or imprisoned in the county jail not exceeding thirty days."

In thus challenging the law in question, plaintiffs assume a rather heavy burden.

The constitutionality of a statute was so challenged in Diamond Auto Sales, Inc., v. Erbe, 251 Iowa 1330, 1335, 105 N.W.2d 650, and we there said: "If any reasonable state of facts can be conceived which will support the validity of the law, it is our duty to sustain it; and it is plaintiffs' duty to negative

every conceivable basis for upholding it. Dickinson v. Porter, 240 Iowa 393, 400, 35 N.W.2d 66, 71; Eckerson v. City of Des Moines, 137 Iowa 452, 476, 115 N.W. 177, 187; McGuire v. Chicago, B. & Q. R. Co., 131 Iowa 340, 350, 108 N.W. 902, 905, 33 L. R. A., N. S., 706.

"Other well-settled rules of constitutional law must be kept in mind. Regularly enacted laws are presumed to be constitutional, and this presumption must be overcome by one attacking a statute by proving its invalidity beyond a reasonable doubt. * * *."

Plaintiffs have not successfully met and overcome the burden here undertaken.

IV. Without question, a law forbidding or requiring conduct in terms so vague that men of common intelligence must necessarily guess and differ as to its meaning violates due process. Diamond Auto Sales, Inc. v. Erbe, supra; State v. Garland, 250 Iowa 428, 432, 94 N.W.2d 122; and State v. Coppes, 247 Iowa 1057, 1061, 78 N. W.2d 10. See also Baggett v. Bullitt, 377 U.S. 360, 367, 84 S. Ct. 1316, 12 L. Ed.2d 377; Bouie v. City of Columbia, 378 U. S. 347, 350, 84 S. Ct. 1697, 12 L. Ed.2d 894; 22 C. J. S., Criminal Law, section 24(2), page 62; and 21 Am. Jur.2d, Criminal Law, section 17, page 97.

However, a statute is not so vague and uncertain as to be void where the meaning of words used can be fairly ascertained by reference to similar statutes, other judicial determinations, reference to the common law, to the dictionary, or if the words themselves have a common and generally accepted meaning. Section 4.1(2), Code, 1962; Diamond Auto Sales, Inc., v. Erbe, supra; State v. DiPaglia, 247 Iowa 79, 84, 71 N.W.2d 601, 49 A. L. R.2d 1223; Boyce Motor Lines v. United States, 342 U. S. 337, 72 S. Ct. 329, 96 L. Ed. 367; United States v. Petrillo, 332 U. S. 1, 67 S. Ct. 1538, 91 L. Ed. 1877; State v. Western Union Tel. Co., 13 N. J. Super. 172, 80 A.2d 342; 22 C. J. S., Criminal Law, section 24(2), page 70, and 21 Am. Jur.2d, Criminal Law, section 17, page 100.

Plaintiffs attack the words "hinder or deter" as employed in section 91.16(1). We find neither this statute nor these words vulnerable to the challenge.

In State v. Hartung, 239 Iowa 414, 30 N.W.2d 491, we dealt with a comparable problem. In that case an individual was charged with having interfered with administration of justice in violation of Code section 723.1, and he there challenged use of the term "attempt in any manner to improperly influence, intimidate, impede or obstruct". This court there said use of the disjunctive "or" is neither confusing nor does it necessarily denote different offenses.

The question now presented is whether the words "hinder or deter" as used, have such meaning generally as to convey to a person of ordinary intelligence an adequate description of the evil intended to be prohibited.

Although plaintiffs industriously belabor the words "hinder or deter", it still remains they are not of such uncertain meaning or so in conflict as to be vulnerable to the assault made upon them.

As here employed, "hinder" means to place obstacles in the path of, to impede, obstruct, or block. Black's Law Dictionary, Fourth Edition, page 862; Webster's Third New International Dictionary, page 1070; and 40 C. J. S., page 400.

And, "deter" means to turn aside, dishearten, discourage, or make difficult. Black's Law Dictionary, Fourth Edition, page 536; Webster's Third New International Dictionary, page 616; and 26A C. J. S., page 884.

In effect, plaintiffs would have us find "hinder" and "deter" are not synonymous, that they are in fact so repugnant each to the other that when employed in a statute they can only be used to state separate offenses in the drafting of any criminal charge.

The error in this argument lies in the fact that while words contained in a criminal statute may have varying shades of meaning, they are not necessarily repugnant. That they are not synonymous is of no great moment.

If words thus used are not repugnant to each other, then there can be no duplicity, for the latter depends on the former for existence.

It is to us evident the words here challenged by plaintiffs are so closely related and stand so clearly within a delineated

field, that each represents a phase of but one offense. State v. Western Union Tel. Co., supra.

V. We turn now to the informations filed charging plaintiffs violated section 91.16(1) of the Code.

As framed these informations alleged plaintiffs did "hinder *and* deter" a state officer in his investigation of the death of a railroad company employee. However, this does not serve to make the informations subject to any challenge asserted.

With few exceptions the doctrine is well settled that when two or more acts are enumerated in a statute disjunctively, and are not repugnant to each other, they may be alleged conjunctively in an indictment or information without duplicity. We have, in fact, given recognition to this rule by legislative enactment. Section 773.24, Code, 1962; State v. Hochmuth, 256 Iowa 442, 127 N.W.2d 658; State v. Corwin, 151 Iowa 420, 131 N.W. 659; and 42 C. J. S., Indictments and Informations, sections 164–166, pages 1115–1123.

So in the case now before us, while section 91.16(1) employs the disjunctive, it was still proper to so phrase the informations filed against plaintiffs as to charge the offense conjunctively, since, as we have found, the words "hinder" and "deter" are not in this instance repugnant to each other.

Neither section 91.16(1), nor the informations filed thereunder, are vulnerable to the attack plaintiffs make upon them.

VI. We are satisfied the trial court had requisite jurisdiction, acted legally, and was correct in overruling each and all of the demurrers filed herein by plaintiffs Richard Powers and G. W. Danielson. We conclude the writ should be annulled, and each and all of these cases remanded for further proceedings. Costs hereof should be taxed to plaintiffs.

Writ annulled, all cases remanded, and costs hereof taxed to plaintiffs.

All JUSTICES concur.