**UNITED STATES of America,**
**Appellee,**

v.

**David George GWYTHER, Appellant,**

**UNITED STATES of America,**
**Appellee,**

v.

**Kip Dallen MORGAN, Appellant.**
**Nos. 25051, 25052.**

United States Court of Appeals,
Ninth Circuit.

Aug. 4, 1970.

Rehearings Denied Sept. 16, 1970.

12. Adcock, Fundamentals of Psychology, Penguin Books (1968), 212–13.

13. Freud, The Ego and the Id, Norton (1962 Ed.) 15.

Herbert Titus (argued), Eugene, Or., for David George Gwyther.

Nels Peterson (argued), of Peterson, Chaivoe & Peterson, G. Bernhard Fedde, of Cole, Fedde & Peterson, Portland, Or., for Kip Dallen Morgan.

Jack G. Collins (argued), Asst. U.S. Atty., Sidney I. Lezak, U.S. Atty., Portland, Or., for appellee.

David L. Jensen, Eugene, Or., Terry J. Hammons, Eugene, Or., of counsel, amicus curiae submitted by American Civil Liberties Union of Oregon.

Before CHAMBERS and WRIGHT, Circuit Judges, and *BOLDT, District Judge.

BOLDT, District Judge.

The indictment in this case charged each defendant with two counts of violation of 50 App.U.S.C. § 462[1] by hindering and interfering with the administration of the Military Selective Service Act by the local selective service board at Roseburg, Oregon on January 8, 1969 and the local board at Eugene eight days later. In count III defendants were charged with conspiracy to commit the substantive offenses specified in counts I and II.

Defendants appeal from conviction on each of the three counts by jury verdict. Jurisdiction in the District Court: 18 U.S.C. § 3231; this Court: 28 U.S.C. § 1291.

The evidence shows, and there is no substantial evidence to the contrary, that by prearrangement defendants with several companions entered the premises occupied by each local board with the intent and purpose to conduct a mock trial of board members and employees. Without permission and over objection by board personnel, defendants and their as-

---

* Honorable George H. Boldt, United States District Judge, Western District of Washington, sitting by designation.

1. "(a) * * * [A]ny person or persons who shall knowingly hinder or interfere or attempt to do so in any way, by force or violence or otherwise, with the administration of [the Military Selective Service Act] or the rules or regulations made pursuant thereto, or who conspires to commit any one or more of such offenses, shall, upon conviction in any district court of the United States of competent jurisdiction, be punished * * *."

sociates passed through a gate into an enclosed area containing desks and files where employees were working and from there pushed their way into the board hearing room. Defendants timed their arrival to coincide with a scheduled personal appearance of defendant Morgan at the Roseburg local board and with the scheduled appearance of John Platts at the Eugene local board when they knew Platts would not be present. On entering the hearing room defendants vehemently announced the selective service personnel were under arrest and would be summarily tried for "murder and other crimes against humanity." Then and there a six-page "indictment" was read aloud to the board members and employees by defendant Morgan acting as "prosecutor" with Gwyther assuming the role of "judge." Board members and employees were alarmed and apprehensive; conduct of board business was halted; it was impossible to proceed with board hearings scheduled at that time, i. e., a hearing for Morgan at Roseburg, and for Platts at Eugene; male and female employees were physically restrained, prevented from withdrawing and delayed in calling police.

The evidence amply supports the jury verdict finding the essential elements of each count proved beyond a reasonable doubt: Defendants in fact did substantially hinder and interfere[2] with the Roseburg board and the Eugene board in administering the Military Selective Service Act; in doing so, they used force and violence of speech and action; defendants intended to do what they did and they acted knowingly and wilfully; prior to the assault upon each selective service board, defendants and others conferred, planned and specifically intended to accomplish the acts later committed by them and various overt acts in furtherance of their agreed procedure were committed by defendants and others acting in concert with them.

The phrase "force or violence" was not included in the indictment on which defendants were tried and convicted. Despite this, counsel for defendants represented to the trial judge that the use of force and violence was an essential element of the substantive offenses charged and requested mandatory instructions to that effect which were given to the jury as proposed on behalf of defendants.

■ In plain, concise and definite language the indictment states the allegations of essential facts constituting the offenses charged. Rule 7, F.R.Cr.P.; Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927).

■ Where, as in the present case, defendant persuades the trial court to instruct that force and violence is an essential element for conviction by the jury, on appeal from conviction the defendant may not challenge the validity of the words "or otherwise" in the statute or urge error for failure to include an allegation of "force or violence" in the indictment.

"* * * [O]ne to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional." United States v. Raines, 362 U.S. 17, 21, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960).

All other contentions of defendants have been examined, considered and found without merit.

Affirmed.

---

2. Each of the words "hinder" and "interfere" has such a clear, specific and well-known meaning as not to require more than use of the words themselves in a criminal statute. See District of Columbia v. Little, 339 U.S. 1, 70 S.Ct. 468, 94 L.Ed. 599 (1950); Powers v. McCullough, 258 Iowa 738, 140 N.W.2d 378. Webster's Third New International Dictionary, unabridged: "hinder" means to obstruct, hamper, block; "interfere" means to interpose, intervene, intermeddle.