**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN BRENNAN, | No.    14-73502 |
| Petitioner, | TSA No. 12-TSA-0092 |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY; TRANSPORTATION SECURITY ADMINISTRATION, | MEMORANDUM* |
| Respondents. | |

On Petition for Review of an Order of the
Transportation Security Administration

Submitted May 12, 2017**
Portland, Oregon

Before:  BYBEE and HURWITZ, Circuit Judges, and ZOUHARY,*** District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

When Transportation Security Administration (TSA) officers at Portland International Airport told John Brennan that he needed to undergo additional security screening because he tested positive for explosives, Brennan, in the middle of a TSA checkpoint, stripped naked. When TSA officers told Brennan to get dressed, he refused—three times. After TSA officers had to close down the checkpoint and surround Brennan's naked body with bins until the police arrived to remove him, the TSA fined Brennan $500 for interfering with screening personnel in the performance of their duties. *See* 49 C.F.R. § 1540.109 ("No person may interfere with, assault, threaten, or intimidate screening personnel in the performance of their screening duties under this subchapter."). Brennan petitioned for our review. We have jurisdiction under 49 U.S.C. § 46110, and we deny the petition.

Brennan's core contention is that stripping naked in the middle of a TSA checkpoint is expressive conduct protected by the First Amendment. But Brennan fails to carry his burden of showing that a viewer would have understood his stripping naked to be communicative. *See Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 n.5 (1984); *Hilton v. Hallmark Cards*, 599 F.3d 894, 904 (9th Cir. 2010). Therefore, his conduct is not protected by the First Amendment.

Brennan also argues that his conduct did not violate the TSA regulation and that even if it did, the regulation is too vague to survive challenge under the Due Process Clause. Neither argument has merit. The regulation prohibits "interfer[ing] with . . . screening personnel in the performance of their screening duties." 49 C.F.R. § 1540.109. A regulation is unconstitutionally vague if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008). In making this judgment, we provide "greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498–99 (1982).

Brennan's conduct falls squarely within the regulation's "ordinary, contemporary, common meaning." *United States v. Kilbride*, 584 F.3d 1240, 1257 (9th Cir. 2009). We have long recognized that "'interfere' has such a clear, specific and well-known meaning as not to require more than the use of the word[] . . . in a criminal statute." *United States v. Gwyther*, 431 F.2d 1142, 1144 n.2 (9th Cir. 1970). In other words, the word has a "settled legal meaning[]." *Williams*, 553 U.S. at 306. And courts have often defined and applied it, *see*, *e.g.*,

3

*United States v. Bucher*, 375 F.3d 929, 932 (9th Cir. 2004); *United States v. Willfong*, 274 F.3d 1297, 1301 (9th Cir. 2001), but never in a way that would lead a person of ordinary intelligence to think that he or she could strip naked at a TSA checkpoint and refuse to get dressed, leading to the closure of the checkpoint.

The petition for review is **DENIED.**