The State of Iowa *v.* Twogood.

An indictment, which charges that the defendant did, on &c., at &c., in and upon one D., with force and arms, make an assault, and him, the said D., did then and there, beat, wound, and ill treat, and other wrongs and injuries, &c., does not charge two offenses.

While we have no statute declaring that the common law is in force in Iowa; yet, that it is in force, has been frequently decided by our courts, and is no longer an open question.

The offense of an assault, or an assault and battery, is declared criminal by the Code; but, for a description of the offense, or in order to ascertain what would amount to an assault, or an assault and battery, we must resort to the common law definition.

*Appeal from the Delaware District Court.*

THURSDAY, DECEMBER 9.

Indictment for an assault and battery. The indictment charges that said defendant did, on, &c., at, &c., " in and upon one Wilber Duel, with force and arms, make an assault, and him the Wilber Duel, did then and there beat, wound, and ill treat, and other wrongs and injuries," &c. Defendant was convicted, and appeals.

*Wilson, Utley & Doud*, for the appellant.

*P. Myers*, (for the Atty. General), for the State.

WRIGHT, C. J.—It was objected below, and is here, that the indictment charges two offenses—an assault, and an assault and battery. The pleader has followed almost literally, the form as given in Archibald's Criminal Pleadings, 345. He charges an attempt to commit a battery, and also a battery actually committed. If either was proved, a conviction was proper. Every battery includes an assault. The two offenses, as here charged, may be regarded practically as one. We are not aware that such an indictment has ever been held bad, upon the ground that it charged two offenses. Bishop's Crim. Law, 409. *The State* v. *Benham*, 1 Iowa, 542.

It is also objected that the offense charged is not known to the law of this state. The argument is, that the offense charged has not been declared criminal by the Code, and that common law offenses, without a statutory declaration, are not punishable in this state. We have no statute declaring the common law in force in this state. That it is in force, however, has been frequently decided by our

courts, and we suppose it to be no longer an open question. *Wagner* v. *Bissell*, 3 Iowa, 403.

Now, at common law, we understand what act, or acts, constitutes the offense charged in this indictment. Our Code provides that whoever is convicted of an assault, or an assault and battery, shall be punished by imprisonment, &c. Section 2597. The offense, then, is declared criminal. For the description of it—or in order to ascertain what would amount to an assault, or an assault and battery—we are left to the common law definition.

In other instances the Code has expressly referred to the common law for the definition of offenses. Thus, in section 2752, every person who is convicted of any gross fraud or cheat at *common law*, shall be punished, &c. Again: whoever is convicted of erecting, &c., a public or common nuisance as described in this chapter, or at *common law*, where the same has not been modified or repealed by statute, shall be punished, &c. Section 2762. And then by section 2758, every person who is convicted of a conspiracy, at *common law*, shall be punished, &c. And, substantially, in the same manner, an assault, or an assault and battery, as defined and described at common law, is declared criminal by the Code, and whoever is convicted of either, shall be punished by imprisonment, &c. It is not correct, then, to say that the offense charged in this indictment, is not made criminal by the statute. Its criminality is expressly declared, the statute adopting the definition of it, as known and clearly fixed by the common law. We need not, therefore, determine the liability of defendant, if the case stood alone upon the common law, nor whether any offenses are punishable in this state, except those provided for by express statute.

Judgment affirmed.