### P. O. COX ET AL. v. W. B. THOMPSON.

Decided June 3, 1903.

**1.—Liquor Dealer—Minor—Entering and Remaining on Premises.**

The bond of a liquor dealer is not violated by permitting a minor to enter on his premises for a lawful purpose; it is necessary that he should both enter and remain; and the length of time necessary to constitute a remaining on the premises within the meaning of the statute is to be determined by the jury.

**2.—Same—Sale to Minor.**

The offense of permitting a minor to enter and remain on the premises is not committed where a liquor dealer merely permits one believed on good reason to be of age to enter his premises and purchase a drink, remaining no longer than is necessary for that purpose.

Appeal from the District Court of Hamilton. Tried below before Hon. W. J. Oxford.

Certified questions in this case were answered by the Supreme Court in its opinion reported in Cox v. Thompson, 96 Texas, 468.

*Dewey Langford,* for appellants.

*Main & Chesley,* for appellee.

FISHER, CHIEF JUSTICE.—This is an action by appellee Thompson against Cox and the sureties on his liquor dealer's bond, for the sum of $3000, arising from three violations for selling intoxicating liquor to his minor son, and three violations for permitting the minor to enter and remain in the saloon.

The appellant answered, by general and special demurrers, general denial, and special answer denying that Cox or his employes ever permitted the minor to enter and remain in the saloon, or ever sold any intoxicating liquors to said minor; that the plaintiff, the father of the

minor, had long prior thereto emancipated and relinquished all control over the minor, and if the minor entered and remained in the saloon or there was sold to him any intoxicating liquor, the same was sold in good faith, with the belief that the minor was of age.

Verdict and judgment resulted in plaintiff's favor against the defendant for three infractions of the bond for permitting the minor to enter and remain in the saloon, and assessing the aggregate damages at $1500.

The trial court instructed the jury as follows: "In this case, W. B. Thompson, plaintiff herein, sues the defendant P. O. Cox, Sam Levy and W. M. Evans to recover statutory penalties for alleged breach of the defendant P. O. Cox's liquor dealer's bond.

"The defendants plead a general denial, and further that if P. O. Cox, his agents or employes, sold or gave or caused to be sold or given intoxicating liquor to Wm. W. Thompson, that such sale or gift was made in good faith with the belief that the said Wm. W. Thompson was of age, and that the seller had good ground for such belief.

"You gentlemen are the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to the testimony; but you will receive and be governed by the law as herein given you.

"In the first place, then, you are instructed that whisky and beer are each intoxicating liquors, within the meaning of this charge. Now if you believe and find from the evidence in this case that on or about the date alleged in plaintiff's petition, the defendant P. O. Cox procured a license and executed and filed the bond exhibited in evidence before you, and that thereafter he engaged in the business of a retail liquor dealer, under said license and bond, in Hico, Hamilton County, Texas, and that he was so engaged on the 30th day of May, 1902, and you further believe from the evidence that on said last named date the said defendant P. O. Cox, his agents or employes, permitted Wm. W. Thompson to enter and remain in his said house or place for selling spirituous liquors, and you further believe from the evidence that said Wm. W. Thompson was then and there a person under the age of 21 years, and that W. B. Thompson, plaintiff herein, is his father, and did not consent for said son to enter and remain in said house, then you will find for the plaintiff under paragraph 3 of his petition and assess his damages at $500 for each time you find that said Wm. W. Thompson was so permitted to enter and remain in said house and place of business, not to exceed the number of breaches alleged in said paragraph 3 of plaintiff's petition in any event. If you do not so find from the evidence, you will find for the defendants and against the plaintiff on said paragraph of said petition.

"You are further instructed that if you believe from the evidence in this case that after the defendants executed the bond, exhibited in evidence, and after the defendant P. O. Cox engaged in the business of a retail liquor dealer under said bond in the town of Hico, Hamilton County, Texas, that he, the said Cox or his agents or employes, sold or

gave, or permitted to be sold or given, in his said house or place of business, intoxicating liquors to Wm. W. Thompson on or about the 30th day of May, 1902, and that the said Wm. W. Thompson was then and there a person under the age of 21 years, and that plaintiff herein, W. B. Thompson, is his father, and that plaintiff did not consent to such sale ·or gift, if any, then you will find for plaintiff under paragraph 4 of his petition, and assess his damages at $500 for each sale or gift, if any, to said Wm. W. Thompson; unless you find for defendants on this issue under subsequent instruction herein.

"You are further instructed, gentlemen, that if the defendant P. O. Cox, his agents or employes, sold intoxicating liquor to Wm. W. Thompson as alleged in paragraph 4 of plaintiff's petition, and you so believe ·from the evidence in this case; and you further believe that Wm. W. Thompson was a person under the age of 21 years at the date of such sale or gift, if any, but you further believe from the evidence that the person making such sale or gift did so in good faith, with the belief that said Wm. W. Thompson was of age, that is was 21 years of age, and you further believe that such person had good ground for such belief, then you will find for the defendants on the issue of sale or gifts.

"By the term entry and remain, as used in this charge, is meant that the person under the age of 21 years must have entered or remained in the house or place for retailing spirituous liquors, with the knowledge and consent of the person or persons in charge of said house or place, and the length of time he so remained therein (if any) is immaterial."

The trial court erred in the following part of its charge: "By the term entry and remain, as used in this charge, is meant that the person under the age of 21 years must have entered or remained in the house or place for retailing spirituous liquors, with the knowledge and consent of the person or persons in charge of said house or place and the length of time he so remained therein, if any, is immaterial."

The statute and the bond executed under it give a cause of action to the parent when the minor enters and remains in the house or place of business for retailing spirituous liquors. To "enter or remain" does not bring the conduct within the terms of the law or the bond. It requires the concurrence of both. He may enter and not remain, and it can not be said that a bare entry, in all cases, also constitutes remaining. While we are satisfied that this was an unintentional error of the learned trial judge in the haste of preparing the charge, we can not say that the expression may not have misled the jury.

This charge is also erroneous in that it instructs the jury that the length of time he so remained is immaterial. The law does not undertake to define what constitutes remaining in or upon the premises. Whether a party remains in the saloon, so as to bring the offense within the meaning of the law, is a question of fact for the jury. Doubtless remaining within the premises may be for such a length of time that there can be no reasonable dispute as to the fact; and, on the other

hand, the remaining may be for such a short period of time that it would be doing violence to the common acceptation and use of the expression to say that the act comes within its definition and meaning.

The Legislature in framing the law upon this subject did not see fit to prohibit a mere entry upon the premises, but the prohibition extends to an entry and remaining; and if the minor enters the premises for a lawful purpose, and the facts and circumstances indicate that it was not his intention to remain, and he did not remain, but immediately upon the accomplishment of the purpose for which he 'entered he departed, there would be no violation of the law, unless it was the purpose to hold the owner of the premises responsible for a bare entry, which is clearly not the case. These views may be opposed to what is said by the court in Qualls v. Sayles, 18 Texas Civ. App., 400.

In view of another trial, there is another subject upon which we think it proper to indicate our views. The law does not hold the saloon keeper responsible, if at the time he sells intoxicating drinks to a minor he, in good faith, believes that the minor is of age. As said by the Supreme Court, the good faith which protects the saloon man in the sale to the minor would afford no protection where he permits the minor to enter and remain in the saloon. That the statute does not authorize the good faith to operate as a defense when the cause of action is based upon entering and remaining in the saloon. But we are of the opinion that when a minor enters a saloon, and the keeper furnishes him an intoxicating drink, under the belief, in good faith, that the minor is of age, and he remains in the saloon no longer than necessary to procure his drink, then, in such a case, no more liability would arise or exist than would be the case if the minor entered the saloon for any other purpose, and immediately left it.

We find no other error in the record. For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*