Emily Tinkle v. M. J. Sweeney et al.

No. 1242.    Decided December 10, 1903.

</div>

**1.—Liquor Dealer—Permitting Minor on Premises.**

Permitting a minor to enter and remain on the premises, a condition of liability on a liquor dealer's bond, implies a permitted remaining for a longer time than merely to purchase a drink, the selling of which was a distinct ground of liability and excused by belief that the buyer was of full age. (P. 192.)

**2.—Same.**

The mere fact that one believed by the liquor dealer to be of full age was allowed to enter his saloon, get a check cashed, purchase a drink and depart, will not make the dealer liable under his bond for permitting such minor to enter and remain on his premises. (Pp. 191-193.)

Question certified from the Court of Civil Appeals for the Fifth District in an appeal from Grayson County.

*J. H. Randell,* for appellant.—The court erred in the second paragraph of its charge, in charging the jury that it was a good defense to a recovery on a liquor dealer's bond and that plaintiff could not recover for permitting the minor to enter and remain in defendant's house

and place of business, if defendant permitted said minor to enter and remain in good faith, with the belief that said minor was then 21 years of age, and that there was good ground for such belief. The exception provided by statute only applies to sales in good faith, and not to permitting a minor to enter and remain in defendant's house and place of business.

The verdict and judgment are contrary to the law and the evidence. The undisputed evidence showed every fact necessary for plaintiff to recover, and the only defense of defendants was the exception made by the statute in regard to sales to minors in good faith, with the belief that the minor was of age, and that there was good ground for such belief. This exception does not apply to permitting a minor to enter and remain in a saloon, but only to sales of intoxicants to minors.

No briefs on file for appellees.

GAINES, CHIEF JUSTICE.—This is a certified question from the Court of Civil Appeals for the Fifth Supreme Judicial District. The statement and question is as follows:

"Appellant brought this suit against M. J. Sweeney, as principal, and C. C. McCarthy and R. S. Legate, as sureties, on a liquor dealer's bond, for permitting appellant's minor son to enter and remain in said Sweeney's saloon and for selling him intoxicating liquors.

"The facts are that M. J. Sweeney, as a liquor dealer, executed a liquor dealer's bond under the statute with the parties above named as sureties. The minor, Fred Tinkle, son of Emily Tinkle, appellant, was under 21 years of age, though under the evidence the jury were authorized to find that said Sweeney, in good faith, believing that said Fred Tinkle was 21 years of age sold to him intoxicating liquors. On one occasion said minor entered Sweeney's saloon for the purpose of getting a check cashed. When the check was cashed he bought a drink of liquor, paid for it, and went out. On two other occasions said minor entered said saloon, bought drinks, and remained only long enough to get the drink and then went out.

"The foregoing states all the facts which we deem necessary for the submission of the question hereafter to follow. On the issue presented there seems to be a conflict between the decision of the Courts of Civil Appeals for the Third District and that of the First District. See Cox v. Thompson, 7 Texas Ct. Rep., 577, and Qualls v. Sayles, 18 Texas Civ. App., 400.

"Question: Do the facts in either case as above stated show a breach of the condition in the liquor dealer's bond which prohibits the liquor dealer from allowing a minor to enter and remain 'in his place of business?'"

We are of opinion that the answer should be in the negative. So far as bears upon this question the condition in the bond as required by the statute is, that principal or principals, as the case may be, "will not

sell or permit to be sold in his or their house or place of business * * * any spirituous, vinous of malt liquors or medicated bitters capable of producing intoxication, to any person under the age of twenty-one years, * * * and that he or they will not permit any person under the age of twenty-one years to enter and remain in such house or place of business; * * * provided, that where the sale is made in good faith, with the belief that the minor was of age and there is good ground for such belief, that shall be a valid defense to any recovery on such bond; and provided further, that where the sale to an habitual drunkard is made in good faith, with the belief that he was not an habitual drunkard, and there is good ground for such belief, that shall be a valid defense to any recovery on such bond."

To constitute a breach for a sale merely, it must take place in the house or place of business where the liquor is and of necessity implies that the minor must enter where the liquor is sold. It is clear also that some definite period of time must be occupied in making the sale, and that he must in one sense of the term remain during the time necessary to complete the transaction. If therefore remaining in the latter sense is a breach of the condition of the bond, it follows, that the same transaction must constitute two breaches of the obligation, and also, that if the dealer has acted in good faith and upon the reasonable belief that the minor is of full age he is not liable by reason of the sale, but is liable because he permitted the minor to remain while the sale was being made. The Legislature has the power to make an unreasonable law, and where the intention to do so is manifest the courts must give it effect, but where a statute admits of two constructions, one of which is reasonable and consistent with its provisions, and the other not, we are of opinion that the former should prevail. The word "remain" is not confined to the restricted sense above indicated. The definitions of the word as given in Webster's International Dictionary are: 1. "To stay behind after others have withdrawn." * * * 2. "To continue unchanged in place; * * * to abide; to stay; to endure; to last." According to the authority named its synonyms are: "To continue; to stay; wait; tarry; rest; sojourn; dwell; abide; last; endure." In Baldwin v. Ely, 66 Wis., 198, the Supreme Court of Wisconsin say, "the word 'remain' presupposes and implies something that exists or continues after some other time or event." It is quite clear, therefore, as we think, that by saying "remain" the Legislature may have meant something more than staying during the length of time employed in making the sale. A penalty was provided for making the sale—why make another for remaining during the time the sale was being made? It seems to us that this was not intended; but that the Legislature considered that there were two evils, which ought to be repressed—one the purchase of intoxicating liquors by minors, and the other the immoral influence resulting to them from tarrying or loitering in the place where such liquors are sold. If the construction be that it was not intended to affix a penalty for permitting a minor to enter and to

remain, merely while making a purchase—in addition to the penalty for making a sale, we can see a reason why a distinction was made between a sale to a minor and permitting a minor to remain, with respect to the good faith and belief of the dealer that he is of full age. It may have been thought that the hurry of business should excuse the dealer for making a mistake as to the age of the minor, while if he tarried or loitered in the place after the sale was complete, or if he so tarried or loitered without making a purchase, the same reason for excusing him would not exist. We are aware that this does not quite account for the apparent inconsistencies in the statute. For example we have held, with reference to a sale of liquor to a student, the good faith of the dealer is no excuse. Peacock v. Limburger, 95 Texas, 258. In that case as in the case of a minor's entering and remaining, he must know the fact or take the chance of incurring the penalty. It may be that in making the proviso as to good faith in a sale to a minor or to an habitual drunkard, the Legislature did not consider the propriety of a similar provision as to a sale to a student; or it may be that they acted upon some consideration which does not now suggest itself to our minds. But the conditions in the bond required to be executed in relation to a sale to a minor and as to permitting a minor "to enter and remain," are so closely connected in the subject matter as well as in the context of the statute, that the question of making a distinction between the two could hardly have been overlooked.

This precise question has just been under consideration by us in the case of Minter v. State, 8 Texas Ct. Rep., 246, upon an application for writ of error by the State. There the Court of Civil Appeals for the Second Supreme Judicial District held in accordance with our ruling in the present case, and we have this day refused the writ of error. The Court of Civil Appeals for the Third Supreme Judicial District in Cox v. Thompson, 7 Texas Ct. Rep., 577, made the same ruling, but no writ of error was applied for in that case. The case of Qualls v. Sayles, 18 Texas Civ. App., 400, is distinguishable in its facts, but whether it may be distinguished on principle we need not here determine.