## ED ODOM V. STATE.

No. 25292. May 2, 1951.

Hon. Floyd Jones, Presiding Judge.

*L. H. Welch,* Breckenridge, for appellant.

*Joe E. Gracey,* County Attorney, Breckenridge, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for violation of Art. 667-19B, Subdiv. (f), Vernon's Ann. P.C., with punishment assessed at a fine of $100.

The charging part of the complaint and information reads as follows:

"* * * that Ed Odom, hereinafter styled defendant on or about the 25 day of November A.D. 1950, and before filing of this Information in the County of Stephens and State of Texas, was then and there engaged in the sale of beer at retail at a place of business there situate when the sale of beer at retail by the said defendant was then and there authorized by law; and the said defendant did then and there permit an intoxicated person to remain on his such licensed premises, said intoxicated person being then and there commonly known by the name of M. L. Wallace, * * *."

The statute insofar as applicable here reads as follows:

"For the purposes contemplated by this Act, conduct by any person at a place of business where the sale of beer at retail is authorized that is lewd, immoral, or offensive to public decency is hereby declared to include but not be limited to the following prohibited acts; and it shall be unlawful for any person engaged in the sale of beer at retail, or any agent, servant, or employee of said person, to engage in or to permit such conduct on the premises of the retailer: * * *

"(f) Becoming intoxicated on licensed premises or permitting any intoxicated person to remain on such premises."

The statute appears to make punishable the acts charged in the complaint and information and we overrule appellant's contention that it was necessary that the state further allege such conduct to be lewd, immoral or offensive to public decency.

The state's proof showed, without objection, that the named person M. L. Wallace was intoxicated; that he was on the premises where appellant was engaged in selling beer at retail under a license authorizing him to do so when a state highway patrolman visited the premises about 3 P.M. on Saturday, November 25, 1950.

The mere presence of an intoxicated person on such premises in the presence of the licensee is insufficient to sustain a conviction of such licensee for the offense of permitting such intoxicated person to remain on such premises.

The statute, Art. 667-19B, Vernon's Ann. P.C., does not undertake to define what constitutes remaining on the premises. We think it clear, however, that it was not the intention of the legislature to hold the licensee criminally responsible for the mere entry of an intoxicated person.

Further, it is undisputed that the intoxicated person had been on the premises only a short time prior to the arrival of the officer, and that appellant had refused to sell beer to him or to his companions and had ordered them to leave his premises, and that when Wallace held back and refused to go with the officer appellant said "go on with him," and he did so.

Our conclusion that the evidence is insufficient to support the conviction finds support by analogy in the following de-

cisions in cases involving suits on liquor dealers' bonds for permitting minors to remain on the premises. Tinkle v. Sweeney et al, 97 Tex. 190, 77 S.W. 609; Douthit et al v. State, 98 Tex. 344, 83 S.W. 795.

In the latter case, it was said:

"In this case the minor did 'enter and remain' at least momentarily within the express terms of the statute. But we think that his remaining under the circumstances comes within neither the spirit nor the reason of the law."

See also Cox et al v. Thompson, 32 Tex. Civ. App. 572, 75 S.W. 819, holding that the time the minor was in the saloon was material on the question of whether he remained upon the premises within the meaning of the statute.

The judgment is reversed and the cause remanded.

Opinion approved by the court.