## GUSSIE MAY CHENAULT v. STATE

No. 29,453. January 22, 1958

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction of a retail beer dealer for permitting an intoxicated person to remain upon the licensed premises, under Art. 667-19B, subd. (f), Vernon's P.C. The punishment was assessed at a fine of $100.00.

The information, omitting the formal parts, reads as follows:

"NOW COMES the Criminal District Attorney of Dallas County, State of Texas, and presents in and to the County Criminal Court of Dallas County, State aforesaid, that one GUSSIE MAY CHENAULT hereinafter styled Defendant, heretofore on or about the 15 day of February, A.D. 1957, in the County of Dallas and State of Texas, was then and there engaged in the sale of beer at retail at a place of business there situate when the sale of beer at retail by the said defendant, GUSSIE MAY CHENAULT was then and there authorized by law; and the said defendant did then and there knowingly and unlawfully permit an intoxicated person to remain on such licensed premises, said intoxicated person being then and there commonly known by the name of Jack Hunnicutt."

The information follows the form set out in Odom v. State, 156 Texas Cr. Rep. 42, 238 S.W. 2d 968.

While there was no attack upon the information in that case, or here, because it failed to allege that the accused was the holder of a retail beer license issued by the Texas Liquor Control Board, we are of the opinion that such an allegation should be included in the information inasmuch as beer may be lawfully sold at retail only by one holding a retail beer license.

The sale of beer is authorized in a wet area, but a license is necessary for one to sell it at retail.

An information which carries such an allegation is suggested by Sec. 885, Willson's Criminal Forms, Sixth Edition, p. 208, and we suggest that, hereafter, that form be followed when charging the offense covered thereby.

Appellant operated a cafe and sold beer therein under a license. About six o'clock, p.m., on February 15, 1957, policemen of the city of Dallas visited the cafe and found a man by the name of Hunnicutt seated at one of the two bars in the place. According to their testimony, Hunnicutt was intoxicated.

Appellant was not in the cafe when the officers entered. At that time she was in her bedroom, which adjoined the barroom, talking with some friends.

The officers arrested Hunnicutt for drunkenness and arrested the appellant for permitting him to remain in the cafe. They carried both of them to and placed them in the city jail.

There is no testimony by the state as to the length of time Hunnicutt had been in the cafe, nor is there any testimony that appellant knew, prior to the time the officers entered and made the arrest, that he was in the cafe.

In Odom v. State, supra, in construing the statute under which the prosecution was there brought as well as in the instant case, we said:

"The mere presence of an intoxicated person on such premises in the presence of the licensee is insufficient to sustain a conviction of such licensee for the offense of permitting such intoxicated person to remain on such premises.

"The statute, Art. 667-19B, Vernon's Ann. P.C., does not undertake to define what constitutes remaining on the premises. We think it clear, however, that it was not the intention of the legislature to hold the licensee criminally responsible for the mere entry of an intoxicated person."

It is apparent that the instant facts are insufficient to support this conviction.

The judgment is reversed and the cause is remanded.