E. R. CHAPA V. STATE

No. 32,858. February 1, 1961

John N. Barnhart and James E. Coate, Beeville for appellant.

Richard E. Rudeloff, County Attorney, Beeville, and Leon Douglas, State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The complaint and information under which appellant was tried before the court, and assessed a fine of $100, alleged that he was the holder of a Retail Dealer's On-Premises Beer License issued by the Texas Liquor Control Board on the premises therein described, and "did then and there gamble and bet on said licensed premises, in violation of the penal statutes of the State of Texas."

The state takes the position that the complaint and information charge a violation of Art. 667-19A (7) V.A.P.C. which provides that a license to sell beer may be cancelled or suspended upon a finding that the licensee "(7) permitted on the licensed premises any conduct by any person whatsoever that is lewd, immoral, or offensive to public decency."

There are several reasons why the state's position is untenable, and why this conviction cannot be sustained.

First: We are aware of no authority holding as a matter of law that to bet or gamble is lewd or immoral conduct, or conduct offensive to public decency. We do not so hold.

Second: If it is, the information does not allege that appellant permited  gambling  or betting on his premises  or that he permitted any conduct that was lewd, immoral or offensive to public decency. The allegation was that appellant did gamble and bet on such premises, not that he permitted such conduct by others.

Third: Art. 667—19B V.A.P.C. sets out certain conduct and declares it to be unlawful and lewd, immoral or offensive to public decency for the purposes contemplated by the act. Without such amendment Subsection 7 of Art 667-19A is unenforceable as a penal statute because it is not sufficiently definite and certain. Irven v. State, 138 Tex. Cr. R. 368, 136 S.W. 2d 608.

Art. 667-19B V.A.P.C., enacted after the Irven case was decided, relieves the uncertainty in said Sub-section 7 only as to the acts and conduct there enumerated and made unlawful. To bet or gamble is not among them.

Odom v. State, 156 Tex. Cr. R. 42, 238 S.W. 2d 968, cited by the state, was a prosecution under Art. 667—19B V.A.P.C. The conduct alleged in the Odom case was conduct declared to be lewd, immoral or offensive to public decency and made unlawful in said Art. 667—19B V.A.P.C. The Odom case does not support the state's contention.

Fourth: In the absence of any allegation as to what was bet on, the information will not sustain the conviction under the gambling statutes. Under such statutes the maximum fine which could be imposed for the bet which the evidence shows appellant made is $50. A $100 fine was imposed against appellant.

Whether Subsection 7 of Art 667-19A V.A.P.C. is sufficient as a ground for cancellation of a beer license is a question for the courts exercising civil jurisdiction. We hold that save for the conduct enumerated in Art. 667-19B V.A.P.C., said subsection 7 is unenforceable as a penal statute. We also hold that the acts charged against the appellant do not constitute a violation thereof.

The judgment is reversed and the prosecution ordered dismissed.