**STATE of Iowa, Appellee,**

v.

**Layton W. VICK, Appellant.**

**No. 55310.**

Supreme Court of Iowa.

March 28, 1973.

Donald E. O'Brien, of O'Brien, Galvin & O'Brien, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., Robert D. Jacobson, Asst. Atty. Gen., Walter W. Barbee, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, HARRIS and McCORMICK, JJ.

MASON, Justice.

Defendant, Layton W. Vick, was tried in a Spirit Lake police court for the offense of assault (with a rifle), found guilty and fined $100. He subsequently appealed to the Dickinson district court, trial was had to a jury and a verdict convicting defendant of assault in violation of section 694.1 was returned. He has appealed from the judgment entered thereon.

The statute involved provides:

"Assault and battery. Whoever is convicted of an assault, or an assault and battery, where no other punishment is prescribed, shall be imprisoned in the county jail not exceeding thirty days, or be fined not exceeding one hundred dollars."

The charge arose out of an incident involving defendant and several men work-

ing for the state highway department on a construction project approximately five miles west of Spirit Lake. Defendant owned and operated a service station located at the northwest corner of the intersection of east-west highway 9 and north-south highway 32. A public trapshooting range was located north of the station on defendant's property. At about 4:00 p. m. August 2, 1971, defendant erected a target on his property directly west of his station at a distance of some 300 feet. He returned to a point near the station and fired approximately 15 rounds at the target within a period of 15 to 20 minutes. Defendant testified he was shooting in a south-westerly direction, i. e., slightly toward highway 9.

In the morning of August 2 defendant had confronted construction workers attempting to place a fence across highway 32, informing them he would remove it if they continued. He then returned to his station, the men completed their work and the construction work on highway 9, which runs in a westerly direction parallel with defendant's south property line, continued throughout the day. Although suspicious of defendant's motive and purpose in firing his rifle in a path along highway 9, the men proceeded with their work despite the potential danger. Mr. Gary Woltman, an inspector for the state highway commission, testified that while standing some 400 feet west of defendant's station on the north side of highway 9 four shots struck the ground a few feet behind him. Another witness, Gary Classen, observed this incident. Defendant testified his conduct posed no danger to the men working on highway 9 and denied the allegation that he attempted to intimidate them.

Defendant assigns two errors relied on for reversal:

(1) The court erred in overruling defendant's motion to dismiss the cause for the reason chapter 694.1, The Code, 1971, is unconstitutional in that it violates due process as required by article I, section 9, of the Bill of Rights of the Iowa constitution and Amendment 5 of the United States Constitution, more specifically, it does not say it is unlawful to assault anyone, nor does this section define the offense of assault.

(2) The court erred in overruling defendant's motion to dismiss for the reason the State did not meet its burden of showing defendant did not act in self-defense.

I. At the close of the State's evidence and again at the close of all evidence defendant moved to dismiss the charge against him asserting as grounds therefor that section 694.1, The Code, does not say that it is unlawful to assault anybody, doesn't describe the offense and it is in violation of the constitution of Iowa, Constitution of the United States in that it doesn't set out the supposed crime.

The court's ruling on this motion serves as a basis for defendant's first assignment.

Defendant asserts section 694.1 is so vague and standardless that it leaves an individual uncertain as to the particular conduct it prohibits and is therefore unconstitutional.

■ Ordinarily, statutes, with notable exceptions, regularly enacted by legislatures will be accorded a strong presumption of constitutionality. Where the constitutionality of a statute is merely doubtful or fairly debatable the courts will not interfere. The burden of proving a legislative enactment to be violative of the constitution rests upon those so asserting to the degree of negativing every reasonable basis of support therefor. A constitutional challenge must specify constitutional provisions invoked and state with precision the details of a claimed defect. Farrell v. State Board of Regents, 179 N.W.2d 533, 537–538 (Iowa 1970); Iron Workers Local No. 67 v. Hart, 191 N.W.2d 758, 771, 773 (Iowa 1971); Brown Enterprises, Inc. v. Fulton, 192 N.W.2d 773, 776 (Iowa 1971).

█ The essential theme of those cases cited by defendant is that a penal statute must define the crime in a manner that permits a reasonable man of common intelligence to comprehend the type of activity proscribed by the statute.

More specifically, defendant claims section 694.1 is unconstitutional because it fails to expressly state "that it is unlawful to assault anyone, nor does said section define the offense of assault." The identical arguments, however, were considered by this court over a century ago in The State of Iowa v. Twogood, 7 Iowa 252, 253–254 (Cole's Ed.), wherein it was held:

" * * * The argument is, that the offense charged has not been declared criminal by the Code, and that common law offenses, without a statutory declaration, are not punishable in this State. * * *

" * * * Our Code provides that whoever is convicted of an assault, or an assault and battery, shall be punished by imprisonment, etc. Section 2597. [Original Code section from which section 694.1 is derived. See Code]. The offense, then, is declared criminal. For the description of it—or in order to ascertain what would amount to an assault, or an assault and battery—we are left to the common law definition.

" * * * Its criminality [assault] is expressly declared, the statute adopting the definition of it, as known and clearly fixed by the common law."

While not binding on this court, the United States Courts of Appeal for the tenth circuit recently determined the constitutionality of 18 U.S.C.A. section 111, which reads in part as follows:

"Assaulting, resisting, or impeding certain officers or employees. Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both."

In United States v. Linn, 438 F.2d 456, 458 (10 Cir. 1971), the court summarily held section 111 was not unconstitutionally vague, indefinite or ambiguous, concluding that "§ 111 clearly gives a person of ordinary intelligence fair notice of what conduct is proscribed and meets the test of definiteness set out in United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L. Ed. 989 (1954)."

█ It would seem section 694.1 also satisfies the constitutional requirement of definiteness when considered in light of the test pronounced by the United States Supreme Court. See Palmer v. City of Euclid, Ohio, 402 U.S. 544, 545–546, 91 S. Ct. 1563, 1564, 29 L.Ed.2d 98; United States v. Harriss, supra; and Winters v. New York, 333 U.S. 507, 515–516, 68 S.Ct. 665, 670, 92 L.Ed. 840, where the Court said: " * * * The standards of certainty in statutes punishing for offenses is higher than in those depending primarily upon civil sanction for enforcement. The crime 'must be defined with appropriate definiteness.' * * * [citing authorities] There must be ascertainable standards of guilt. Men of common intelligence cannot be required to guess at the meaning of the enactment. The vagueness may be from uncertainty in regard to persons within the scope of the act, * * * [citing authorities] or in regard to the applicable tests to ascertain guilt."

This statement of law in State v. Flory, 203 Iowa 918, 924, 210 N.W. 961, 964, is pertinent to a consideration of defendant's contention as urged in this assignment:

"The Legislature, in creating an offense, may define it by a particular description of the [act] or acts constituting it, or it may define it as any act which produces, or is reasonably calculated to produce, a certain defined or described result * * *. In the absence of a provision to the contrary,

a statute may punish the offense by giving it a name known to the common law without further defining it, and the common-law definition will be applied."

See. State v. Lavin, 204 N.W.2d 844, (Iowa, 1973), where the constitutionality of another Iowa statute was challenged on the ground of vagueness.

Defendant's first assignment is without merit. Section 694.1 is not constitutionally defective in the respect urged.

II. Defendant's second assignment involves the defense of self-defense.

We set out the relevant statutes:

"691.1. Lawful resistance in self-defense. Lawful resistance to the commission of a public offense may be made by the party about to be injured, or by others."

"691.2. Cases in which permitted. Resistance sufficient to prevent the offense may be made by the party about to be injured:

"1. To prevent an offense against his person.

"2. To prevent an illegal attempt by force to take or injure property in his lawful possession."

In support of this assignment defendant argues there was a complete failure in the State's evidence which would show or tend to show or sustain its burden that defendant did not act in self-defense.

■ *When the accused interposes the defense of self-defense,* the burden is upon the State to prove beyond a reasonable doubt that defendant was not acting in self-defense. State v. Wilson, 234 Iowa 60, 87, 11 N.W.2d 737, 750 and authorities cited.

The question here is whether the issue of self-defense was raised or interposed.

■ Under a plea of not guilty an accused may avail himself of the defense of self-defense without being required to specially plead this defense. Section 777.17, The Code, provides:

"Plea of not guilty—evidence admissible. The plea of not guilty is a denial of every material allegation in the indictment, and all matters of fact may be given in evidence under it, except a former conviction or acquittal."

Unlike an accused who pleads not guilty and proposes to show insanity as a defense or that he relies on an alibi, one relying upon self-defense is not required to give notice of this special defense. Section 777.-18, The Code.

As a witness in his own behalf defendant admitted shooting his rifle but never intimated that in doing so he acted in self-defense. On the contrary, he asserted he was merely taking some target practice "because on that day [he] had no business, and there wasn't much else to do." There is not the slightest hint defendant was ever threatened or felt intimidated.

■ In the case before us there was no evidence which brought into issue the question of whether defendant acted in self-defense. The evidence is entirely inconsistent with any conceivable theory defendant was shooting the rifle "to prevent an offense against his person [or] to prevent an illegal attempt by force to take or injure property in his lawful possession." Section 691.2.

The question of burden of proof is not involved.

The case is therefore—Affirmed.

Affirmed.