**STATE of Iowa, Appellant,**

v.

**Laura KUENY, Appellee.**

**No. 55993.**

Supreme Court of Iowa.

Feb. 20, 1974.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and William G. Faches, Linn Co. Atty., for appellant.

Judith W. Redmond and J. H. Ehrhart, Cedar Rapids, for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLD-SON and McCORMICK, JJ.

RAWLINGS, Justice.

State appeals from municipal court judgment sustaining demurrer by defendant Laura Kueny to an information charging her with open and gross lewdness and indecent exposure in violation of The Code 1971, Section 725.1. We affirm.

October 5, 1972, defendant was charged by information with violation of § 725.1, which provides:

"If any man and woman not being married to each other, *lewdly* and viciously associate and cohabit together, or if any man or woman, married or unmarried, is guilty of open and gross *lewdness*, and designedly makes an open and *indecent* or *obscene* exposure of his or her person, or of the person of another, every such person shall be imprisoned in the county jail not exceeding six months, or be fined not exceeding two hundred dollars." (Emphasis supplied).

November 10, 1972, defendant demurred on the basis (1) the statute is unconstitutionally vague, and (2) facts stated in the information do not constitute a crime.

December 19, 1972, municipal court held § 725.1 is unconstitutionally vague, duplicitous and discriminatory.

On this appeal State contends municipal court erred in so holding.

I. An orderly approach to a resolution of the issues before us necessitates a prefatory understanding of some relevant guiding principles.

It is well settled regularly enacted statutes are accorded a strong presumption of constitutionality. See State v. Vick, 205 N.W.2d *727, 729* (Iowa 1973); In re Hen-

derson, 199 N.W.2d 111, 121 (Iowa 1972); Brown Enterprises, Inc. v. Fulton, 192 N.W.2d 773, 776 (Iowa 1971).

■ Then too, where the constitutionality of a statute is merely doubtful, this court will not interfere. See State v. Vick, *supra*; Brown Enterprises, Inc. v. Fulton, *supra*; Farrell v. State Board of Regents, 179 N.W.2d 533, 538 (Iowa 1970).

■ And legislative enactments will not be held unconstitutional unless they are shown to clearly, palpably and without doubt infringe upon constitutional rights. See State v. Vick, *supra*; State v. Abodeely, 179 N.W.2d 347, 354 (Iowa 1970), app. dism'd, cert. denied, 402 U.S. 936, 91 S.Ct. 1617, 29 L.Ed.2d 104 (1971); Lee Enterprises, Inc. v. Iowa State Tax Com'n, 162 N.W.2d 730, 737 (Iowa 1968).

■ Finally, a party attacking any statutory enactment must negate every reasonable basis of support for such statute. See State v. Vick, *supra*; Iron Workers Local No. 67 v. Hart, 191 N.W.2d 758, 773 (Iowa 1971); State v. McNeal, 167 N.W.2d 674, 677 (Iowa 1969).

II. This court is here, for the first time, called upon to determine whether § 725.1 is unconstitutionally vague.

■ By way of exclusion, since this appeal stems from a judgment sustaining defendant's demurrer, our review is confined to alleged facial invalidity of § 725.1.

In approaching the vagueness charge here made we initially take note of this general statement in Grayned v. City of Rockford, 408 U.S. 104, 108–109, 92 S.Ct. 2294, 2298–2299, 33 L.Ed.2d 222 (1972):

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application."

See also Wainwright v. Stone, 414 U.S. 21, 94 S.Ct. 190, 192, 38 L.Ed.2d 179 (1973); State v. Wedelstedt, 213 N.W.2d 652, 656 (Iowa 1973); Hendrichs v. Hildreth, 207 N.W.2d 805, 807 (Iowa 1973); State v. Lavin, 204 N.W.2d 844, 848 (Iowa 1973).

■ On the other hand, terminology of a statute meets the constitutional test if its meaning is fairly ascertainable by reference to similar statutes, prior judicial determinations, reference to the dictionary, or if the questioned words have a common and generally accepted meaning. See Iron Workers Local No. 67 v. Hart, *supra*; Powers v. McCullough, 258 Iowa 738, 746, 140 N.W.2d 378 (1966); cf. The Code 1973, § 4.1(2).

In that regard, defendant, at least inferentially, asserts legislative use of the terms "lewd", "indecent" and "obscene", without further definition, renders the instant statute impermissibly vague.

III. Thus we must, at the outset, determine whether the language of § 725.1 is so facially clear and understandable as to obviate any statutory construction. See State v. Valeu, 257 Iowa 867, 869, 134 N.W.2d 911 (1965).

In this vein it will be noted that although the words "lewdness" and "indecent" have often been defined, the very phrases and synonyms through which meaning is purportedly ascribed serve to obscure rather than clarify those terms. Compare United States v. Hymans, 463 F.

2d 615, 618 (10th Cir. 1972); Chesebrough v. State, 255 So.2d 675, 678 (Fla.1971); State v. Sullivan, 187 Iowa 385, 387, 174 N.W. 225 (1919); State v. Gardner, 174 Iowa 748, 766, 156 N.W. 747 (1916); State v. Wilson, 124 Iowa 264, 266, 99 N.W. 1060 (1904); Woodruff v. State, 11 Md. App. 202, 273 A.2d 436, 438 (1971); State v. Finrow, 66 Wash.2d 818, 405 P.2d 600, 602 (1965); State v. Nelson, 178 N.W.2d 434, 437 (Iowa 1970), cert. denied, 401 U. S. 923, 91 S.Ct. 864, 27 L.Ed.2d 826 (1971). See also 50 Am.Jur.2d, Lewdness, Indecency, Etc., §§ 1, 2; 42 C.J.S. Indecent p. 559; 53 C.J.S. Lewdness § 1; Black's Law Dictionary, pp. 909, 1052 (rev. 4th ed. 1968); Webster's Third New International Dictionary, pp. 1147, 1301 (1961).

Furthermore, in State v. Wedelstedt, *supra*, this court held lack of specificity of the word "obscene" required us to hold Code § 725.3 unconstitutionally vague.

Since the questioned terms employed in § 725.1, standing alone, are without clear significance statutory construction is mandated.

IV. By the same token State's argument to the effect the terminology in question is commonly used and has' a generally accepted meaning is without merit.

It may be that at one time words such as are here involved were deemed to have an ordinarily understandable meaning. Cf. State v. Ragona, 232 Iowa 700, 704, 5 N. W.2d 907 (1942).

But common usage thereof has been so generalized as to encompass an infinite variety of behavioral patterns. This in turn has eroded the effective employment of such terms in any statutory enactment, absent an attendant specific definition thereof, as descriptions of proscribed ultimate criminal conduct. Cf. State v. Wedelstedt, *supra*.

V. Nor are we aided in determining the meaning of § 725.1 by reference to prior judicial construction.

It is asserted by State the construction heretofore accorded the instant statute in State v. Nelson, *supra,* and State v. Mitch-

ell, 149 Iowa 362, 365–366, 128 N.W. 378 (1910), has effectively cured any vagueness deficiency. See Wainwright v. Stone, *supra*; Winters v. New York, 333 U.S. 507, 514, 68 S.Ct. 665, 669, 92 L.Ed. 840 (1948); Grove Press, Inc. v. Evans, 306 F.Supp. 1084, 1086 (E.D.Va.1969).

Notably, however, neither *Nelson* nor *Mitchell* dealt with facial constitutional construction of § 725.1. On the contrary, in each cited case the issue before us related to applicability of that Code section to specific conduct.

Moreover, our pronouncements in *Nelson* and *Mitchell* were neither intended to nor do they serve as limiting constructions such as to overcome defendant's vagueness assertion.

It therefore follows these decisions cannot be said to supply that clarity which the enactment must have to withstand the challenge here made.

VI. As previously stated, reference to similar statutes is sometimes helpful in determining the meaning of doubtful statutory terminology. See Iron workers Local No. 67 v. Hart, *supra;* Powers v. McCullough, *supra.* See also State v. Prybil, 211 N.W.2d 308, 311 (Iowa 1973); Wonder Life Company v. Liddy, 207 N.W.2d 27, 33 (Iowa 1973).

Unfortunately, in this case the somewhat analogous provisions found in chapter 725, many of which may previously have been of some aid, are also devoid of meaningful terminology. In other words, those Code sections employed the same phraseology condemned for vagueness in State v. Wedelstedt, *supra,* and here brought into question by defendant.

Consequently, any reference to other local statutory enactments serves no useful purpose.

VII. Additionally, in the field of statutory construction reference to logic and reasoning provided by other courts and authorities is often of some aid. See Georgen v. State Tax Commission, 165 N.W.2d 782, 788 (Iowa 1969).

In this instance, however, the views adopted by courts in other jurisdictions, faced with issues similar to that here presented, are so fractionated as to instantly be of little or no benefit. Compare United States ex rel. Huguley v. Martin, 325 F.Supp. 489, 491–492 (N.D.Ga.1971); Riley v. United States, 298 A.2d 228, 230–231 (D.C.App.1972); Chesebrough v. State, 255 So.2d 675, 678 (Fla.1971); Edwards v. Commonwealth, 500 S.W.2d 396, 398 (Ky.1973); Cherry v. State, 18 Md. App. 252, 306 A.2d 634, 641 (1973); and State v. Borchard, 24 Ohio App.2d 95, 264 N.E.2d 646, 650 (1970), with Miami Health Studios, Inc. v. City of Miami Beach, 353 F.Supp. 593, 597–599 (S.D.Fla.1973); In re Davis, 242 Cal.App.2d 645, 51 Cal.Rptr. 702, 706–717 (1966); District of Columbia v. Norfleet, 12 Crim.L.Rptr. 2212 (D.C.Super.Ct.1972); State v. Reese, 222 So.2d 732, 735 (Fla.1969); and Chapa v. State, 170 Tex.Cr.R. 509, 342 S.W.2d 430, 431 (1961).

VIII. That brings us to the matter of statutory clarification by reference to legislative purpose and history of the Act here involved.

The legislative purpose in enacting § 725.1 is not available. Neither is the history of this statute instantly of any assistance. As best we can determine, only one insignificant change thereto has been made in the past 122 years. Compare The Code 1973, § 725.1 with The Code 1851, § 2709. And that isolated amendment sheds no light on intent of the General Assembly in passing the questioned enactment.

IX. It is to us apparent the statutory terms here challenged by defendant are so indefinite and uncertain that persons of ordinary intelligence are given inadequate notice as to what conduct is thereby prohibited.

Furthermore, under existing circumstances, there is no plausible basis upon which peace officers, judges or juries may reasonably ascertain, with any degree of certainty, guidelines essential to a determination of the legislatively intended application of the statute here in question.

We therefore conclude and now hold § 725.1 is unconstitutionally vague.

X. Finally, as this court aptly observed in State v. Wedelstedt, 213 N.W.2d at 656–657:

"It is not our function to rewrite the statute. Snook v. Herrmann, Iowa, 161 N.W.2d 185, 190. In Consolidated Freightways Corp. v. Nicholas, 258 Iowa 115, 122, 137 N.W.2d 900, 905, we say:

" 'If changes in the law are desirable from a policy, administrative, or practical standpoint, it is for the legislature to enact them, not for the court to incorporate them by interpretation."

XI. In light of the above holding any consideration of other errors asserted by State on this appeal will only serve to needlessly extend this opinion.

Affirmed.