**N. D. D., INC., Plaintiff,**

v.

**William G. FACHES and William R. Eads, Defendants.**

**No. 73–C–42–CR.**

United States District Court,
N. D. Iowa,
Cedar Rapids Division.
Dec. 4, 1974.

---

See also, D.C., 367 F.Supp. 465.

---

C. A. Frerichs and Melvin H. Wolf, Waterloo, Iowa, for plaintiff.

Thomas Horan, Asst. County Atty., Cedar Rapids, Iowa, for defendants.

Before STEPHENSON, Circuit Judge, and McMANUS and HANSON, Chief District Judges.

STEPHENSON, Circuit Judge.

On December 18, 1973 this court denied plaintiff's initial application for a preliminary injunction stating that

> it is the court's view that it should abstain at this time from ruling on the constitutionality of [Iowa Code] Chapter 99 as it purports to regulate motion picture films pending the final state court decision on the same issue which might render a decision by this court unnecessary.

In the instant motion, filed on June 25, 1974, the plaintiffs have renewed their request for an injunction based upon recent developments in Iowa law which, they allege, wholly invalidate the state district court's decision in this case. In response to this action, this court on its own motion raised a question as to its jurisdiction over the instant case. An order filed on September 27, 1974 directed the parties to file briefs on that jurisdictional issue. The requested material is now before the court.

■ Having carefully considered plaintiff's renewed request for federal injunctive relief, it remains our view that this court, in the interest of federal-state comity, should not interpose itself in this ongoing state court action. There is no showing of a threat of irreparable injury "both great and immediate." *See* Younger v. Harris, 401 U.S. 37, 46, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Furthermore, the Supreme Court in Kusper v. Pontikes, 414 U.S. 51, 94 S.Ct. 303, 306, 38 L.Ed.2d 260 (1973), stated that abstention is proper

> where the challenged state statute is susceptible of a construction by the state judiciary that would avoid or modify the necessity of reaching a federal constitutional question. * * * Abstention in such circumstances not only serves to minimize federal-state friction, but also avoids premature and perhaps unnecessary constitutional adjudication.[1]

If the Iowa Supreme Court finds that Chapter 99 of the Code of Iowa is unconstitutional, the instant litigation would be at an end. Federal intervention at this time would therefore be inappropriate.

■ In addition, this is not a case in which the underlying state statute is so clearly unconstitutional that it makes

1. Citations omitted.

further consideration by a three-judge court unnecessary. *See* Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). The Iowa Supreme Court, in an order issued after their decision in State v. Kueny, 215 N.W.2d 215 (Iowa 1974), denied plaintiff's request for an expedited hearing stating that "[n]o compelling reason for priority in the assignment is found." Accordingly, any presumption on our part that the Iowa Supreme Court has necessarily committed itself to a reversal in the instant case seems premature.

It is therefore

Ordered

that plaintiff's renewed application for a preliminary injunction is denied.

McMANUS, Chief Judge (dissenting):

I dissent.

On October 18, 1973, plaintiff was enjoined from showing the movie "Deep Throat" et al. by the Linn County district court as a nuisance under Chapters 99 and 725 Iowa Code on the grounds of "lewdness" as construed by State v. Nelson, 178 N.W.2d 434 (1970). On October 25, 1973, pursuant to 42 U.S.C. § 1983 plaintiff filed its complaint here seeking declaratory and injunctive relief against Chapters 99 and 725 as applied to motion picture films. Appearing to be an appropriate case, this three-judge court was convened on October 30, 1973. By Order of December 18, 1973, the three-judge court found it had jurisdiction of the parties and subject matter but abstained from ruling on the merits since an appeal from the decision of the state district court was pending before the Supreme Court of Iowa. Subsequently, however, the legally relevant circumstances of this case significantly changed and on June 25, 1974, plaintiff renewed its motion for a preliminary in-

junction, after denial of its request for an expedited appeal by the state supreme court.

It is my view that the original ambiguity of state law justifying abstention no longer exists. It has been clearly resolved both judicially and legislatively.[1] Thus the issue originally supporting abstention is totally dissipated and rendered frivolous.

For this court to continue abstention contravenes the admonition of Freedman v. Maryland, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965), that in restraining the showing of a film "the procedure must also assure a *prompt final* judicial decision, to minimize the deterrent effect of an interim and possibly erroneous denial" (emphasis added) of the right to exhibit the film.

Over 13 months have already passed since the state injunction and it appears that the appeal will not be heard by the Supreme Court before January 1975, making the date of ultimate redress of plaintiff's First Amendment rights by the state courts anybody's guess. Continued abstention places plaintiff in the anomalous position of being the only commercial entity in the state of Iowa which is or could be restrained from showing the films in question.

The "great and immediate threat of irreparable injury" standard for federal injunction of state criminal prosecutions enunciated in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), is inapposite here. The policies of noninterference by a court of equity with a criminal prosecution and federal-state comity which underlay the *Younger* decision apply only with greatly lessened force to a federal injunction of a state civil proceeding which infringes First Amendment rights. The usual standards for grant of a preliminary in-

---

1. State v. Kueny, 215 N.W.2d 215 (Iowa February 20, 1974), restricting State v. Nelson, 178 N.W.2d 434 (1970), and declaring "lewdness" in Chapter 725 unconstitutionally vague. Chapter 1267, 65 G.A. 1974 (effective July 1, 1974) repealed all relevant sections of Chapter 725, redefined "obscenity" in terms of Miller v. California, 414 U.S. 881, 94 S.Ct. 26, 38 L.Ed.2d 128 (1973), and legalized exhibition to adults.

junction in a civil case are appropriate here and are met by the instant facts.[2]

In light of these considerations and the holding of Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), that § 1983 is an exception to the federal anti-injunction statute, it would seem incumbent for this court to forthwith restore plaintiff to the status quo prior to October 18, 1973 by granting its motion.

2. The court must find that there is a probable right and a probable danger to that right, that the right may be defeated unless the injunction is issued, that plaintiff is in substantial need of protection, that he will probably succeed on the merits and that plaintiff's damage should the injunction be denied clearly outweighs any foreseeable harm to defendant. Sinclair Refining Co. v. Midland Oil Co., 55 F.2d 42 (C.A.4 1932). Crowther v. Seaborg, 415 F.2d 437 (C.A.10 1969).