Lawrence **MARTIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–86–0578–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 14, 1987.

Rehearing Denied July 23, 1987.

Charles W. Medlin, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Winston E. Cochran, Jr., Lynne Ford, Harris County Asst. Dist. Attys., Houston, for appellee.

Before COHEN, JACK SMITH and DUGGAN, JJ.

COHEN, Justice.

Appellant was found guilty by a jury of knowingly permitting an intoxicated person to remain on premises licensed to sell beer at retail. Tex.Alco.Bev.Code Ann. sec. 104.01(5) (Vernon 1987). The court assessed punishment at 90 days confinement. In two points of error, appellant contends that the evidence is insufficient to sustain his conviction.

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1976); *Chambers v. State*, 711 S.W.2d 240, 245 (Tex.Crim.App. 1986).

On March 13, 1986, the Houston Police Department received information that the Manhattan Lounge, a night club licensed to sell beer at retail, was selling liquor in a form not authorized by its license. Officers Crosby, McBride, Boutte, Johnson and Howard were dispatched to the club to "make a liquor buy."

At approximately 11:26 p.m., Officer Crosby entered the club and attempted to purchase a pint of Canadian Club whiskey from the bartender. The bartender took Crosby's money, waited on another customer, and then walked outside. While waiting for the bartender to return, Crosby observed an argument between two men and a woman at a table in the bar. He testified that he first heard the trio arguing when the loud music was interrupted by the jukebox changing records. Crosby later determined that one of the males was Charles Bailey.

Crosby testified that Bailey was cursing, yelling, throwing his hands up and around, stumbling, and slurring his words. Crosby concluded that Bailey was "definitely intoxicated."

Crosby testified that appellant was standing very close to him, near the entrance to the kitchen, looking across the bar, and that there was "no doubt in my mind he had seen it."

After about five minutes, the bartender returned with Crosby's liquor, and Crosby left the club. Once outside, he informed the other officers that he had made the "buy," and that there were several intoxicated people in the club. Approximately two to three minutes later, the other officers entered the club.

Officer McBride testified that appellant was standing behind the bar when they entered the club, and that Bailey was still being loud. Shortly thereafter, he observed Bailey slap his female companion. McBride believed that Bailey was intoxicated based on his conduct, his slurred speech, his unsteady posture, his sweating, his bloodshot eyes, and his consumption of beer in McBride's presence.

After Bailey slapped the female, McBride separated them by escorting the female to a stool at the bar. McBride had to help her walk because she was highly intoxicated. McBride then helped Officer Boutte arrest

**34**

Bailey. They had to support Bailey as they removed him because he was severely intoxicated. Officer Boutte corroborated McBride's testimony, and added that he observed four to twelve malt liquor containers on the table that Bailey had occupied. Bailey and the female were arrested for public intoxication. Appellant, the bartender, and at least two other unnamed persons were also arrested.

Section 104.01 provides that a "person authorized to sell beer at retail ... [commits an offense by] permitting an intoxicated person to remain on the licensed premises." The information alleged that appellant:

> while authorized to sell beer at retail on premises licensed under the laws of Texas, [did] knowingly permit an intoxicated person, Charles Bailey, to remain on the licensed premises.

Mere presence of an intoxicated person on licensed premises is insufficient to sustain a conviction. *Chenault v. State,* 165 Tex.Cr.R. 504, 309 S.W.2d 69 (1958); *Odom v. State,* 156 Tex.Cr.R. 42, 238 S.W.2d 968 (1951). Rather, the statute prohibits a licensee from permitting an intoxicated person to "remain" on the premises. Although the statute does not define "remain," "[t]he definitions of the word as given in Webster's International Dictionary are: '(1) To stay behind after others have withdrawn. * * * (2) to continue unchanged in place; * * * to abide; to stay; to endure; to last.' " *Tinkle v. Sweeney,* 97 Tex. 190, 192, 77 S.W. 609, 610 (1903); *see also Texas Liquor Control Board v. Johnson,* 298 S.W.2d 227 (Tex.Civ.App.— Fort Worth 1957, no writ).

Appellant's contention that the evidence only reflects mere presence, and not that he permitted Bailey to "remain," is without merit. Viewing the evidence and reasonable inferences therefrom in the light most favorable to the verdict, the record reflects that Bailey was obviously intoxicated; that he was in the bar before Crosby arrived, as evidenced by numerous beer containers at the table; that appellant was in a position to and did observe Bailey; that appellant neither requested nor demanded that Bail-

ey leave the premises; and that appellant permitted Bailey to continue to stay and to "remain on the premises."

*Odom,* relied on by appellant, is distinguishable. In *Odom,* 238 S.W.2d at 969, it was:

> undisputed that the intoxicated person had been on the premises only a short time prior to the arrival of the officer, and that appellant had refused to sell beer to him or to his companions and had ordered them to leave the premises, and that when Wallace held back and refused to go with the officer, appellant said "go on with him," and he did so.

The evidence is sufficient to show more than mere presence, and to show that Bailey was permitted to "remain." The two points of error are overruled.

The judgment is affirmed.