415 F.2d 437
 Richard L. CROWTHER, Willard Eames, Charles Morgan Smith,
individually and as Parent and Next Friend of James Hopkins
Smith, III, and James Hopkins Smith, III, on behalf of
themselves and all persons similarly situated, Appellants,
v.
Dr. Glenn T. SEABORG, Chairman of the Atomic Energy
Commission, Austral Oil Company and CER Geonuclear
Corporation, Appellees.
COLORADO OPEN SPACE COORDINATING COUNCIL, on behalf of all
those entitled to the protection of their health and safety
and of the health and safety of those generations yet
unborn, from the hazards of ionizing radiation resulting
from the distribution of radioactive materials through the
permanent biogeochemical cycles of the Biosphere as a result
of the defendants' conduct of Project Rulison, and on behalf
of all those entitled to the full benefit, use and enjoyment
of the national natural resource treasures of the State of
Colorado without degradation resulting from contamination
with radioactive material released as a result of the
defendants' conduct of Project Rulison, and all others
similarly situated, Appellants,
v.
AUSTRAL OIL COMPANY, Incorporated and CER Geonuclear
Corporation, Appellees.
 Nos. 448-69, 449-69.
 United States Court of Appeals Tenth Circuit.
 Sept. 2, 1969.
 
 Tom Lamm, Denver, Colo. (Richard D. Lamm, Denver, Colo., Yannacone & Yannacone, Patchogue, N.Y., Roger Stevens and Robert Miller, Boulder, Colo., on the brief), for appellants.
 Carl Eardley, Deputy Asst. Atty. Gen. (James L. Treece, U.S. Atty., on the brief), for appellee Dr. Glenn T. Seaborg, Chairman of Atomic Energy Commission.
 David T. Searls, A. Frank Smith, Jr., and John L. Murchison, Jr., of Vinson, Elkins, Searls & Connally (John Berlinger and James Voorhees, of Moran, Reidy & Voorhees, Denver, Colo., on the brief), for appellees.
 Before HILL, SETH and HOLLOWAY, Circuit Judges.
 HILL, Circuit Judge.
 
 
 1
 These two cases consolidated in the trial court and in this court, concern appellant's request for a preliminary injunction, enjoining the appellees from detonating an underground nuclear device on the western slope of Colorado. The trial court denied the request for preliminary injunctive relief, which is appealed from, and, in addition, appellants have filed here original motions requesting temporary restraining orders. Because of the urgency for an early determination of the question involved an emergency panel of the court was convened and the matter was submitted by oral arguments, typewritten briefs and the original record from the trial court.
 
 
 2
 The evidence adduced in the trial court reflects the following undisputed facts:
 
 
 3
 About twelve years ago the Atomic Energy Commission initiated what was known as the Plowshare Program with the objective of developing peacetime constructive uses of the Nation's nuclear explosive technology. The questioned project, known as the Rulison Project, is a part of the Plowshare Program and its purpose is to study the economic and technical feasibility of using underground nuclear explosives to stimulate production of natural gas in the Rulison field. This project and others, similar to it, have the support of the Congressional Committee on Atomic Energy and by the Congress. Participating in this project are numerous governmental agencies such as the Bureau of Mines of the Interior Department, the Public Health Service, the Colorado Department of Health, United States Geological Survey, United States Coast and Geodedic Survey, the Air Resources Laboratory, the Environmental Science Services Administration, Colorado Department of Natural Resources and others.
 
 
 4
 Also involved in the project are the two corporate appellees, Austral Oil Comany and CER Geonuclear Corporation, which corporations are, by contract with the Atomic Energy Commission, industrial sponsors of the project.
 
 
 5
 The detonation is scheduled for September 4, 1969, with no re-entry or flaming scheduled for at least six months after the explosion.
 
 
 6
 The trial judge, after a full evidentiary hearing, made elaborate findings of facts, among which are the following:
 
 
 7
 That the proposed experiment is a research project and not a commercial project; the purpose is to study the economic and technical feasibility of using underground nuclear devices or explosives to stimulate the production of natural gas; the United States has specifically authorized the Plowshare Program in which the Rulison Project is a part; funds have been appropriated for this purpose and the President of the United States has approved the detonation of the project and approved the schedule set up by the Atomic Energy Commission; everything will be ready on target date for the detonation, the device has been lowered into the shaft to a depth of 8,000 feet and there is evidence to show that there would be some deterioration in the device if an undue delay is had in detonating it; about one-half million dollars has been expended upon the project up to this point and the evidence shows that if a delay is permitted there would be a daily expense to the Atomic Energy Commission of about $31,000 per day; the Government has exercised extreme caution and care to protect the persons, the animal life, the plant life, water supply and any other things that may be adversely affected by the detonation of the device, with several Sections or Departments of the Government cooperatively and jointly participating in seeing that all safety precautions are taken and that the incident will not be an adverse one; no witness has testified that there is a reasonable probability or a reasonable likelihood that this material will not be contained in the crevasse that will be created by the detonation or explosion; in all probability the radioactive material resulting from the detonation will be contained underground until and unless the hole is vented and the material permitted to escape; the Colorado Department of Health is planning air, water and milk surveillance programs in connection with the after effects, if any, of the detonation and the Atomic Energy Commission is prepared to evacuate the people in the immediate area where there may be danger of leakage of the material; and under the contract entered into between the Atomic Energy Commission and the individual corporate defendants named herein the project is not a commercial venture but is one for research authorized by Congressional action and participation in by the two corporate defendants herein.
 
 
 8
 From the limited nature of the order appealed from and the relief originally requested here, we do not propose to go into the merits of the litigation or to consider the affirmative defenses argued by the appellees. We limit our consideration to the correctness of the trial court's order denying injunctive relief.
 
 
 9
 In this consideration we are guided by well defined legal principles.
 
 
 10
 The application for a preliminary injunction is directed to the judicial discretion of the trial court. Before an appellate court may set aside that court's action, the appellate court must be able to say that the trial court's action, as a matter of law, was clearly erroneous or that it was the result of an improvident exercise of judicial discretion.[1] By Rule 52(a), F.R.Civ.P. and the many decisions interpreting the Rule, an appellate court is compelled to accept the trial court's findings of fact unless they are clearly erroneous.[2] In hearings upon motions for temporary or preliminary injunctive relief, the burden is upon the one requesting such relief to make a prima facie case showing a reasonable probability that he will ultimately be entitled to the relief sought.[3] The applicant has the additional burden of showing a right to the specific injunctive relief sought because of irreparable injury that will result if the injunction is not granted.[4] There must exist a probable right and a probable danger.[5]
 
 
 11
 After carefully considering the evidence adduced by appellants in support of injunctive relief, we must conclude that they have presented a very weak case. It is totally lacking in support of the necessary ingredient of irreparable damages. Such damages, under the undisputed evidence, are very remote and not within the realm of probability. As they have in connection with the many other underground nuclear explosions detonated in the past, the Atomic Energy Commission and the other cooperating governmental agencies are exercising the highest degree of care, caution and expertise to prevent any possible damage to life, property and natural resources. The trial judge's findings of fact are clear, comprehensive and fully supported by the evidence. We cannot say that the denial of injunctive relief was error as a matter of law or was an abuse of discretion.
 
 
 12
 The order appealed from is affirmed and the original application for injunctive relief filed in this court is denied.
 
 
 
 [1]
 Vol. 7-- Moore's F.P. P65.04
 
 
 [2]
 Club Martinique, Inc. v. United States, 10th Cir., 409 F.2d 841
 
 
 [3]
 Continental Oil Co. v. Frontier Refining Co., 10th Cir., 338 F.2d 780
 
 
 [4]
 Vol. 7-- Moore's F.P., p. 1629
 
 
 [5]
 Vol. 7-- Moore's F.P., p. 1627