**LINCOLN AMERICAN CORPORATION,**
**Plaintiff,**

v.

**The VICTORY LIFE INSURANCE COM-**
**PANY et al., Defendants.**

**Civ. A. No. W–5092.**

United States District Court,
D. Kansas.

March 14, 1973.

Robert N. Partridge, Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., for plaintiff.

Herbert A. Marshall, Marshall, Hawks, McKinney & Hendrix, Topeka, Kan., James R. Ward, Topeka, Kan., James W. Porter, Eidson, Lewis Porter & Haynes, Topeka, Kan., R. M. Bunten, John R. Bancroft, Wm. H. Curtis, Kansas City, Mo., of Morrison, Hecker, Curtis, Kuder & Parrish, for defendants.

## MEMORANDUM OPINION AND ORDER DENYING PRELIMINARY INJUNCTION

THEIS, District Judge.

This matter is presently before the Court pursuant to plaintiff's application for a preliminary injunction restraining the defendant Victory Life Insurance Company from holding its annual stockholders' meeting scheduled for March 15, 1973, pending the Court's final resolution of the issues raised herein. Diversity of citizenship is present and the plaintiff seeks damages in excess of $10,000.00. It does not appear to a legal certainty that the amount claimed by plaintiff is excessive and, accordingly, the Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. City of Boulder v. Snyder, 396 F.2d 853 (10th Cir. 1968). After hearing oral argument and being fully advised in the matter, the Court makes the following findings and orders.

The issues involved in this case arise out of a fight for control of the Victory Life Insurance Company. The plaintiff corporation, which presently owns approximately twenty percent of the outstanding stock of Victory, is seeking managerial representation and eventual control of the company. The plaintiff contends that the principal officers and directors of Victory have entered into a scheme to manipulate and control the management of the company to the exclusion of all other stockholders, and that in furtherance of the scheme they have perpetrated a series of illegal acts. Plaintiff alleges that the cumulative effect of these illegal acts is the diminution of its voting power and its effective disenfranchisement. It therefore seeks to enjoin the annual stockholders' meeting to prevent irreparable injury.

Three of the major issues involving alleged illegal acts of the Board of Directors have effectively been mooted by concession of the defendants. The plaintiff claimed: (1) that the directors and other majority stockholders obtained stock pursuant to a stock option plan illegally created without prior stockholder approval as required by K.A.R. 40–12–13(A) of the regulations of the Kansas Insurance Commissioner; (2) that the directors refused to register stock transferred to the plaintiff prior to the closing date preceding the annual stockholders' meeting; and (3) the directors set the date for closing of the company's register of stock transfers eight days prior to the date provided in the company's bylaws (Sec. 33). For the purpose of the annual stockholders' meeting, the defendants have agreed to remedy these irregularities by allowing the plaintiff to vote those shares of stock which it received and attempted to register, and prohibiting the voting of any shares of stock purchased under the stock option plan. In light of these concessions, the early closing of the company's stock register of transfers could not possibly have an adverse effect on this plaintiff. Ac-

cordingly, except insofar as they evidence an overall scheme, these claimed irregularities do not support the plaintiff's position relative to the necessity for the issuance of a preliminary injunction.

The plaintiff contends that, regardless of the defendants' concessions, the adverse effects flowing from two additional illegal acts require the Court to enjoin the annual meeting in order to prevent irreparable injury. These alleged acts are: (1) the improper amendment of the bylaws to reduce the number of directors to be elected at the annual meeting from three to two and thereby diminishing the plaintiff's voting power; and (2) the improper solicitation of proxies by the management of the company.

■ First, the plaintiff alleges that on December 21, 1972, and without stockholder approval, the Board of Directors of Victory voted to amend the company's bylaws so as to reduce the number of board members from nine to eight, each to serve a four year term. The amendment reduced the number of directors to be elected at the March 15, 1973, stockholders meeting from three to two, and consequently reduced the cumulative voting power of the minority stockholders. Plaintiff contends that the Board of Directors did not have the power to amend the bylaws in this manner without prior stockholder approval.

The general rule regarding the powers of insurance company directors is contained in K.S.A. § 40–303, which in pertinent part provides:

"The board of directors of any insurance company . . . shall have [the] power to . . . make such bylaws and amendments thereto, not inconsistent with the constitution and laws of this state, as may be deemed necessary for the regulation and management of its affairs."

It is clear that the substantive change in Victory's bylaws occasioned by the board's amendment was in conformity with the rule governing the number and classification of directors as provided in K.S.A. § 40–305, and that the amendment did not conflict with the company's charter. The board's action was, therefore, proper unless inconsistent with other state law. The plaintiff does not allege that there is any specific statutory or regulatory section requiring stockholder approval of such an amendment, but merely contends that under the new General Corporation Code of Kansas, K.S.A. § 17–6001 et seq., the board of directors are not authorized to change the classification of directors by amending the bylaws without first obtaining stockholder approval of such an amendment. K.S.A. § 17–6301(d). Plaintiff maintains that the purpose for this statutory change was to insure the protection of the minority stockholders and that this legislative intent overrides the board's general authority to amend the bylaws.

The Court agrees with the plaintiff's contention that the board of directors of a company organized under the new corporation code is not authorized to amend the bylaws. Section 17–6009(a) specifically provides that, unless otherwise provided in the articles of incorporation, only the stockholders are empowered to amend bylaws, but the section also contains the following proviso:

"The right to make, alter or repeal bylaws of any corporation in existence on the effective date of this act shall be vested in the board of directors, subject to the right of the stockholders to make, alter or repeal the bylaws, unless otherwise provided in such corporation's articles of incorporation or any amendment thereto."

Since Victory was organized prior to the enactment of the Kansas Corporation Code on July 1, 1972, and since the charter does not prevent the board from amending its bylaws, the directors were authorized to amend the bylaws by the "grandfather" clause above quoted. The plaintiff's remedy therefore lies with the stockholders of the company and not in this Court.

■ Second, the plaintiff alleges that on February 23, 1973, proxy statements containing a notice of the upcoming annual stockholders' meeting and annual financial reports of the company were sent to Victory's security holders by the defendants. The proxy solicitations were sent by first class mail, however, while the financial statements were sent by fourth class (bulk) mail. The plaintiff contends, and the evidence so proved, that as a result of this procedure the proxy statements were received prior to the annual reports, and that many proxies were consequently exercised by stockholders without knowledge of management's performance during the preceding year. Plaintiff maintains that such procedure is clearly in violation of K.A.R. 40–11–5 of the proxy rules of the Kansas Commissioner of Insurance, which in pertinent part provides:

"(1) No solicitation subject to this regulation shall be made unless each person solicited is concurrently furnished or has previously been furnished with a written proxy statement containing the information specified in schedule A.

"(2) If the solicitation is made on behalf of the management of the insurer and relates to an annual meeting of security holders at which directors are to be elected, *each proxy statement furnished pursuant to subsection one hereof shall be accompanied or preceded by an annual report . . . to* such security holders containing such financial statements for the last fiscal year as are referred to [elsewhere] . . . ."

(Emphasis added.)

The defendants admit their knowledge of the fact that fourth class mail does not travel as fast as first class mail, but contend that the regulation only requires that the proxy statements and the annual reports be *mailed* at the same time and not that they be received at the same time. Furthermore, defendants contend that the mailing of the annual

reports by bulk mail saved the company a considerable amount of money.

The Court fully agrees with the plaintiff that the procedure followed by the defendants was improper. The regulation clearly requires that the annual reports precede or accompany the proxy solicitations, and its language must be interpreted to mean that the reports be *received* prior to or simultaneously with the solicitations. The difficulty arises in determining whether this improper solicitation requires that the annual meeting be enjoined. It must be emphasized that the whole thrust of plaintiff's complaint is claimed damage to this plaintiff, rather than as a representative stockholder's action for the benefit of all stockholders.

■ The burden is on the moving party seeking a preliminary injunction to make a prima facie case showing: (1) reasonable probability that it will ultimately be entitled to the relief sought; and (2) that if the injunction is not granted, irreparable injury will result. "There must exist a probable right and a probable danger." Crowther v. Seaborg, 415 F.2d 437, 439 (10th Cir. 1969).

■ Although the Court is convinced that the defendants' proxy solicitation was improper, and in view of the validity of the power of Victory's board to change the bylaws as to the number of directors to be elected, as herein determined by this Court, the plaintiff has not demonstrated that it will suffer irreparable injury in the event that a preliminary injunction is not granted. Furthermore, as properly noted by the defendants, the plaintiff is afforded a remedy at law in the event that it does suffer from the defendants' action which does not appear inadequate in the light of the holding and context of this opinion. Section 17–6515, K.S.A., provides in pertinent part:

"Upon application of any stockholder, . . . the district court may hear and determine the validity of any election of any director . . . [T]he

court may make such order or decree in any such case as may be just and proper . . . [and] in case it should be determined that no valid election has been held, the court may order an election to be held in accordance with section 54 [17–6501] or 58 [17–6505] of this act."

Due to the speculative nature of the damage caused to the plaintiff, as a result of the defendants' action, and in light of the legal remedy afforded the plaintiff by Kansas law in the event that the company's election is later determined to have been invalid, the Court does not believe that injunctive relief is appropriate in this case.

It is therefore ordered that plaintiff's motion seeking a preliminary injunction be, and the same is hereby, denied.