**CONSIGNED SALES COMPANY, INC., a Missouri corporation; and New Life Innercity, a Missouri not-for-profit corporation, Plaintiffs,**

v.

**Jack C. SANDERS, Oklahoma State Fire Marshall, Defendant.**

No. CIV 82–737–R.

United States District Court,
W. D. Oklahoma.

June 9, 1982.

---

Paul Walters, Spradling, Alpern, Friot & Gum, Oklahoma City, Okl., for plaintiffs.

Gary W. Gardenhire, Guy L. Hurst, Asst. Attys. Gen., Oklahoma City, Okl., for defendant.

## ORDER

DAVID L. RUSSELL, District Judge.

This cause came on for hearing on June 1, 1982, on Plaintiffs' Request for a Preliminary Injunction. After consideration of the evidence adduced at hearing and briefs filed by both parties, the Court rules as follows:

The granting of preliminary relief is an extraordinary remedy. A movant must show a reasonable probability of ultimate entitlement to the relief sought and irreparable injury if immediate relief is not granted. *Brown v. Chote*, 411 U.S. 452, 456, 93 S.Ct. 1732, 1735, 36 L.Ed.2d 420 (1973); *Crowther v. Seaborg*, 415 F.2d 437 (10th Cir. 1969).

Plaintiffs sell fireworks to Oklahoma consumers directly through the mails. Such sales are prohibited by 68 O.S. 1981 § 1623, a portion of a fireworks regulation act which became effective June 25, 1981. Plaintiffs contend the prohibition contravenes exclusive federal regulation of the mails, discriminates against interstate commerce, constitutes an undue burden on interstate commerce, conflicts with federal statutes and is overly broad. Plaintiffs ask this Court to enjoin enforcement of the statute.

Plaintiffs' sales in this state are seasonal, concentrated in June and July preceding the Fourth of July. Plaintiffs presented unrebutted evidence that their sales in Oklahoma last year of $300,000.00 represented a net profit of $10,000.00 which would be lost if mail order sales are prohibited. Further, Plaintiffs would suffer irreparable damage in the loss of contacts and business goodwill.

■ This Court acknowledges that Plaintiffs will be irreparably injured by the enforcement of Oklahoma's ban on mail order sales. However, Plaintiffs have not made a clear showing of ultimate success on the merits in this case.

Plaintiffs contend specifically that 68 O.S. 1981 § 1623(b) is discriminatory on its face in that it applies to interstate mail order sales but exempts intrastate sales. The statute states:

§ 1623. Conditions for storage, sale and use

Class "C" Common Fireworks may be legally stored, sold and used in this state with the exceptions and conditions specified under the provisions of this act.

\*  \*  \*  \*  \*  \*

(b) Fireworks offered for retail sale must be protected from direct contact and handling by the public at all times. Self-serve or marketing where retail customers are allowed to move among stocks of fireworks or serve themselves from fireworks stocks or displays is strictly prohibited. *Mail orders where consumers purchase any fireworks through the mail or receive any fireworks in Oklahoma by mail, parcel service or other interstate carrier is prohibited.* A sales clerk must be on duty to serve the consumer at the time of purchase. (emphasis added)

Plaintiffs contend the emphasized sentence is facially unconstitutional, in that it permits intrastate sales while prohibiting interstate sales. Such discrimination violates the Commerce Clause.

■ However, this Court does not read the statute in the way plaintiffs have. The sentence in question is poorly drafted and can be read to either permit or prohibit intrastate mail order sales. This Court must construe a statute to avoid raising

doubts as to its constitutionality, if such a construction is possible. *St. Martin Lutheran Church v. South Dakota*, 451 U.S. 772, 780, 101 S.Ct. 2142, 2147, 68 L.Ed.2d 612, (1981); *Lynch v. Overholser*, 369 U.S. 705, 710–711, 82 S.Ct. 1063, 1067, 8 L.Ed.2d 211 (1962); *Anderson v. Babb*, 632 F.2d 300 (4th Cir. 1980).

■ Construing the statute in light of this well-settled principle, the Court finds that the statute prohibits intrastate mail order sales. Such a construction is in harmony with the overall purpose of the act as found in the section at issue and other sections of the act. The harm which the state seeks to prevent is the handling of fireworks by consumers. Section 1623 deals with storage and handling of fireworks. The stated purpose of the section is to protect fireworks offered for sale from direct contact and handling by the public. That a sales clerk must be on duty to serve the consumer fortifies the construction that mail order sales, whatever their origin or carrier, are prohibited.

Further, § 1627 of the act prohibits sales to persons under twelve (12) years of age, intoxicated or "irresponsible" persons. The difficulty of enforcing this provision if sales by mail were allowed is apparent.

Plaintiffs further contend that even if the statute is construed to prohibit intrastate mail order sales, it still must fall because it prohibits out-of-state merchants from making retail sales of fireworks to Oklahoma consumers while allowing in-state merchants to make such sales. This Court is not convinced that Plaintiffs have made a clear showing of probable success on the merits on this issue. The statute allows out-of-state merchants to make retail sales if they comply with the method of sale specified in the statute—direct sales in a "fireworks stand."

■ Moreover, in reaching a decision on the merits in this case, the Court must balance the state's legitimate interest in regulating fireworks and the burden imposed on interstate commerce and/or any discrimination against it. *Southern Pacific Co. v. Arizona*, 325 U.S. 761, 770–771, 65 S.Ct. 1515, 1521, 89 L.Ed. 1915 (1945). The Commerce Clause "protects the interstate market, not particular interstate firms, from prohibitive or burdensome regulations." *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 474, 101 S.Ct. 715, 729, 66 L.Ed.2d 659 (1981) quoting from *Exxon Corp. v. Governor of Maryland*, 437 U.S. 117, 127–128, 98 S.Ct. 2207, 2214–2215, 57 L.Ed.2d 91 (1978).

*Exxon, supra*, is particularly applicable to the instant case. There, the Supreme Court upheld a Maryland statute barring producers and refiners of petroleum products from retailing gasoline in the state. The Court found there were no local producers and refiners in Maryland, but the divestiture served a state purpose not preempted by Congress and the statute was upheld. In so ruling the Court reasoned that the Commerce Clause does not protect the particular structure or methods of operation in a retail market. This reasoning was reaffirmed in *Minnesota v. Clover Leaf Creamery Co., supra*, wherein the Court stated:

"A nondiscriminatory regulation serving substantial state purposes is not invalid simply because it causes some business to shift from a predominantly out-of-state industry to a predominantly in-state industry. Only if the burden on interstate commerce clearly outweighs the State's legitimate purposes does such a regulation violate the Commerce Clause." (449 U.S. at 474, 101 S.Ct. at 729)

At the hearing on the instant case, defendant produced evidence of substantial injury to persons and property caused by fireworks in Oklahoma during the Fourth of July season over the past four years. The Court cannot find that attempts to control and prevent this damage are not in furtherance of a substantial state interest. Plaintiffs must convince the Court that the burden imposed on interstate commerce is clearly excessive in relation to the putative local benefits. *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970). Plaintiff has not made

such a showing at this stage of the proceedings.

 Plaintiffs also contend that Congress has exclusive authority over the mails and the need for national uniformity precludes State regulation which may affect the mails in any manner. Plaintiffs' position is not likely to succeed because the statute does not affect the operation of the mails, only articles which may be received in Oklahoma thereby. Only when state control involves a "direct, physical interference with federal activities under the postal power or some direct, immediate burden on the performance of the postal functions" will state regulation be deemed unconstitutional. *Railway Mail Association v. Corsi*, 326 U.S. 88, 96, 65 S.Ct. 1483, 1488, 89 L.Ed. 2072 (1945).

 While federal statutes expressly permit the interstate shipment of fireworks, state laws which regulate such shipment do not necessarily conflict or contradict federal statutes. By exempting an area from its regulation Congress does not thereby preempt state regulation. The contrary is usually true. Moreover, in light of the legitimate state interest served, this Court cannot find the statute overly broad at this time.

For the foregoing reasons, Plaintiffs' Request for Preliminary Injunctive Relief is denied.