McHUGH, Circuit Judge, concurring:
 

 Although I join in the conclusion reached by the majority, as well as most of its reasoning, I write separately to address DTC's argument that it continues to suffer irreparable harm based on the Defendants' past breaches. I would conclude an injunction can be based on the continuing irreparable harm caused by Defendants' past breaches. But because DTC has failed to support its continuing irreparable harm argument with evidence, I too would affirm the district court.
 

 The district court denied injunctive relief because it concluded the duty of loyalty owed by the Defendants to DTC and the nonsolicitation clause of Mr. Hirschfeld's employment agreement had expired and DTC was unable to show a significant risk of future misappropriation of trade secrets or unfair competition. According to DTC, the district court erred by inappropriately
 conflating the issue of irreparable harm with the likelihood of success on the merits of future claims. That is, DTC argues the district court applied the wrong legal standard when it focused on whether the Defendants would engage in future unlawful conduct, rather than analyzing whether the Defendants' past breaches were continuing to cause DTC irreparable harm. I agree with DTC that in some circumstances an injunction can be supported by the irreparable harm caused by the Defendants' legal actions that would not have been possible but for their past breaches.
 

 Preliminary injunctions are meant "to protect [a] plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits." 11A Charles Alan Wright et al., Federal Practice and Procedure § 2947 (3d ed. 2013) (hereinafter Fed. Prac. & Proc.). "Although the fundamental fairness of preventing irremediable harm to a party is an important factor on a preliminary-injunction application, the most compelling reason in favor of entering a [preliminary-injunction] is the need to prevent the judicial process from being rendered futile by [the] defendant's action or refusal to act."
 

 Id.
 

 To that end, courts have sometimes enjoined future legal conduct because it was made possible by prior illegal conduct and will cause irreparable harm to the plaintiff.
 

 For example, in
 
 Greater Yellowstone Coalition v. Flowers
 
 , the plaintiff-environmental groups claimed the United States Army Corps of Engineers (the Corps) had issued a construction permit to a developer in violation of the National Environmental Policy Act (NEPA) and the Clean Water Act (CWA).
 
 See
 

 321 F.3d 1250
 
 , 1255 (10th Cir. 2003). The plaintiffs sought an injunction to prevent the developer from engaging in the construction authorized by the permit, which the district court denied. On appeal, we concluded the district court had abused its discretion by not considering the irreparable harm the plaintiffs would suffer by the loss of bald eagle nests and juvenile bald eagles during the construction period.
 

 Id.
 

 at 1256-57
 
 . Although the developer's future acts were authorized by the permit and the plaintiffs had not alleged the Corps was contemplating any future breaches of NEPA or the CWA, we concluded the district court abused its discretion in finding the harm to bald eagles from the construction authorized by the permit was too speculative to constitute a significant risk of irreparable harm.
 

 Id.
 

 at 1261
 
 . But without the injunction, the judicial process would have been rendered futile because even if the plaintiffs prevailed, the eagle nests and juveniles would be irretrievably lost.
 
 See
 
 id.
 

 Accordingly, we reversed and remanded to the district court for it to consider the balance of the harms and public interest.
 

 Id.
 

 at 1262
 
 .
 

 In
 
 Foodcomm International v. Barry
 
 , the Seventh Circuit took a similar approach in circumstances much like those present here.
 
 328 F.3d 300
 
 (7th Cir. 2003). The defendants were former employees of the plaintiff company who, while still employed by the plaintiff, colluded with one of the plaintiff's suppliers, started a rival company, and usurped the plaintiff's business opportunity.
 

 Id.
 

 at 302
 
 . Although the employees were no longer with the plaintiff, and thus the duty of loyalty had expired, the district court "enjoined them from directly or indirectly providing services of any kind to or for [the supplier or the new company] or any of their affiliates and agencies."
 

 Id.
 

 at 303
 
 . On appeal, the Seventh Circuit affirmed, upholding the injunction preventing the defendants from servicing the company's former clients. The court noted the company had suffered irreparable harm, "the most important injuries of which are its inability to attempt to maintain its relationship with [a client] and its complete loss of that relationship."
 

 Id.
 

 at 304
 
 . Because that "irreparable harm was caused by and is maintained by [the former employees'] actions, an injunction is appropriate to prevent this harm from continuing."
 

 Id.
 

 at 305
 
 . Accordingly, the circuit court upheld the injunction preventing the defendants from providing any services to the supplier or new company to prevent the continuing irreparable harm caused by the defendants' past breaches of loyalty while employed by the plaintiff.
 

 Id.
 

 at 304-05
 
 .
 
 [1]
 

 As these cases show, a court can impose an injunction where there is a future likelihood of irreparable harm stemming from past conduct, not only where the offensive conduct is likely to occur again in the future.
 
 [2]
 
 Respectfully, I disagree with the majority's assertion that "[t]he district court found that DTC had failed to show how Hirschfeld's and Galban's work on behalf of Ally, while they were employed by DTC, only gave rise to future irreparable harm." Maj. Op. at 1272. In my view, the district court concluded that the past breaches of contract and the duty of loyalty could not give rise to continuing irreparable harm.
 
 [3]
 
 Because I would conclude
 that future irreparable harm can result from past breaches, I would be inclined to remand to the district court to consider the other preliminary injunction factors if DTC had presented evidence of future irreparable harm stemming from the past misconduct. But DTC has made no such showing in this court.
 

 In the district court, DTC argued it is suffering continuing irreparable harm by being forced to compete with a company that would not exist absent the prior breaches.
 
 See
 
 App. Vol. II at 478 ("We are talking also about DTC's brand ongoing, brand name, its reputation in the marketplace. Now we are saying these two entities are just competitors. Well, they weren't, so that is the irreparable harm in the injunctive relief, that this business shouldn't even be in business going forward.");
 
 id.
 
 at 480 ("It should have never been alive. It rose from the ashes of Wyo-Dak, like the Phoenix, out of nothing and was on day one a direct competitor of DTC.... They should never have been in business in the first place. They shouldn't be in business now."). However, it does not appear to have made a similar argument here.
 

 In its brief to this court, DTC includes in its Statement of the Case facts indicating that Ally has benefitted from the Defendants' breaches:
 

 In a very short period of time and without any outlay of overhead or payroll, the DTC employees' work for Ally transformed a struggling company which had only eight directional drillers in late 2015 into a thriving competitor, offering the same scope of services as DTC and generating more than $2 million in monthly revenue by March 2017. It has taken DTC years to accomplish that level of success.
 

 DTC's Br. at 15 (citations omitted). But what DTC fails to do is to point to any evidence presented to the district court that supports a finding that the irreparable harm from the Defendants' past breaches is continuing. The argument on past misconduct states:
 

 The evidence demonstrates, however, that DTC has suffered and continues to suffer irreparable harm caused by Hirschfeld's theft of business from DTC (at least 12 customer master service agreements that Ally continues to service) while he was a DTC employee. Hirschfeld and Ally continue to profit from these misdeeds. This conduct was unlawful at the time it occurred-by violating Hirschfeld's employment agreement (duties not to solicit DTC's customers or employees and not to use DTC's confidential information), breaching Hirschfeld's and Galban's duty of loyalty, and violating common law principles prohibiting unfair competition-and it continues to harm DTC's goodwill and competitive market position today.
 

 Id.
 
 at 48 (citations omitted). The last sentence is supported by a footnote stating, "
 
 See infra
 
 section III," but that section provides no more evidentiary support for continuing harm to DTC's goodwill and competitive market position than the above-quoted paragraph.
 

 "A preliminary injunction is an extraordinary remedy never awarded as of right."
 
 First W. Capital Mgmt. Co. v. Malamed
 
 ,
 
 874 F.3d 1136
 
 , 1141 (10th Cir. 2017) (quoting
 
 Winter v. Nat. Res. Def. Council
 
 ,
 
 555 U.S. 7
 
 , 24,
 
 129 S.Ct. 365
 
 ,
 
 172 L.Ed.2d 249
 
 (2008) ). "A party seeking a preliminary
 injunction bears the burden of showing: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest."
 
 Greater Yellowstone Coal.
 
 ,
 
 321 F.3d at 1255
 
 (internal quotation marks omitted). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."
 

 Id.
 

 at 1256
 
 . A statement that a prior breach of loyalty "continues to harm DTC's goodwill and competitive market position today," without more, is insufficient to support the extraordinary remedy of injunctive relief.
 

 While I agree with DTC that the district court should have considered evidence of future irreparable harm stemming from past unlawful conduct, DTC has not pointed us to any evidence in the record supporting future irreparable harm stemming from past misconduct. Therefore, I concur with the majority that the district court did not exceed its discretion in denying injunctive relief here.
 

 DTC relies on two other decisions that reach similar results. In
 
 Blackbird Technologies, Inc. v. Joshi
 
 , the district court granted an injunction based on a former employee's breach of the duty of loyalty although the employee was no longer employed with that company and the duty had expired. No. 5:15-cv-4271,
 
 2015 WL 5818067
 
 , at *4-6 (N.D. Cal. Oct. 6, 2015). There, the employee stole the former employer's source code and imbedded it into a product sold by the employee's new company.
 

 Id.
 

 In
 
 West Plains, L.L.C. v. Retzlaff Grain Co.,
 
 the district court granted an injunction based on claims of past breaches of the duty of loyalty and continuing misappropriation of trade secrets because there was irreparable harm in the defendants' use of the confidential information to "compete immediately" and the defendants had "successfully shifted" business through use of confidential information and breaches of loyalty.
 
 927 F.Supp.2d 776
 
 , 785-86 (D. Neb. 2013). While both cases involved evidence of continued use of confidential information, the district courts focused on the irreparable harm caused by prior breaches of the duty of loyalty when granting the injunction.
 

 But I reject DTC's assertion that the substantial likelihood of success on the merits and irreparable harm analysis are completely disjunctive. Harm is irreparable "[o]nly when the threatened harm would impair the court's ability to grant an effective remedy," Fed. Prac. & Proc. § 2948.1, because the harm "cannot be compensated after the fact by monetary damages,"
 
 Greater Yellowstone Coal. v. Flowers
 
 ,
 
 321 F.3d 1250
 
 , 1258 (10th Cir. 2003) (quoting
 
 Adams v. Freedom Forge Corp.
 
 ,
 
 204 F.3d 475
 
 , 484-85 (3d Cir. 2000) ). The substantial likelihood of success requirement necessitates "showing a reasonable probability that [the plaintiff] will ultimately be entitled to the relief sought."
 
 Crowther v. Seaborg
 
 ,
 
 415 F.2d 437
 
 , 439 (10th Cir. 1969). Therefore, the irreparable harm and substantial likelihood of success elements are interrelated in the sense that they require (1) a substantial likelihood of success on the merits that would entitle the plaintiff to recover for the alleged future harm (if it were calculable) and (2) the future harm is irreparable. Therefore, I reject DTC's arguments that the future irreparable harm the district court found significantly likely-"loss of customers, loss of goodwill, and further erosion of DTC's competitive position in the oil and gas staffing industry," App. Vol. I at 196-can be disjunctively supported by a substantial likelihood of success on the merits of any of its claims. Importantly, DTC makes no attempt to tie that irreparable harm to any of the claims.
 

 Although I agree with the majority that much of the "prior loss of DTC's customers and consultants ... can be quantified in money damages," I would not view that as the end of the inquiry if DTC had met its evidentiary burden. Maj. Op. at 1272. Under our precedent, irreparable harm can be shown by "harm to goodwill [and] diminishment of competitive positions in marketplace."
 
 Dominion Video Satellite, Inc. v. Echostar Satellite Corp.
 
 ,
 
 356 F.3d 1256
 
 , 1263 (10th Cir. 2004). Thus, even if DTC can calculate and recover the specific amount diverted to Ally, other damage to its reputation and market position may be incalculable. But DTC has made no attempt to show future irreparable harm based on the past breaches that could be prevented by a preliminary injunction, and a preliminary injunction is not appropriate as punishment for past irreparable harm.
 
 Schrier v. Univ. of Colo.
 
 ,
 
 427 F.3d 1253
 
 , 1253 (10th Cir. 2005) ("The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance.").